424

CASHMAN PHOTO CONCESSIONS AND LABS, INC., a Nevada Corporation, dba CASHMAN PHOTO ENTERPRISES, INC., Appellant, v. NEVADA GAMING COMMISSION, Consisting of JOHN W. DIEHL, Chairman; NORMAN D. BROWN, WALTER COX, FRANK A. SCHRECK, Jr., and CLYDE T. TURNER; NEVADA GAMING CONTROL BOARD, Consisting of PHILIP P. HANNIFIN, Chairman; JOHN H. STRATTON, and SHANNON L. BYBEE, Jr.; DESERT PALACE, INC., a Nevada Corporation, dba CAESARS PALACE; SUMMA CORPORATION, a Nevada Corporation, dba DESERT INN HOTEL, and dba SANDS HOTEL, and dba FRONTIER HOTEL; HILTON CASINOS, INC., a Nevada Corporation, dba FLAMINGO HILTON HOTEL; CONSOLIDATED CASINOS CORP., a Nevada Corporation, dba HOTEL SAHARA and dba SAHARA–TAHOE HOTEL; REC–RION CORPORATION, a Nevada Corporation, dba STARDUST HOTEL and dba FREMONT HOTEL; and CIRCUS CIRCUS, INC., a Nevada Corporation, dba CIRCUS CIRCUS HOTEL & SPA, Respondents.

No. 7739

July 9, 1975                                     538 P.2d 158

*George Rudiak,* of Las Vegas, and *Richard H. Foster,* of San Francisco, California, for Appellant.

*Robert List,* Attorney General, and *David C. Polley,* Deputy Attorney General, Gaming Division, for Respondents Nevada Gaming Commission and Nevada Gaming Control Board.

*Lionel Sawyer Collins & Wartman,* of Las Vegas, for Respondents Desert Palace, Inc.; Summa Corporation; Hilton Casinos, Inc.; Consolidated Casinos Corp.; Recrion Corporation.

*Galane, Tingey & Shearing,* of Las Vegas, for Respondent Circus Circus, Inc.

## OPINION

By the Court, ZENOFF, J.:

On April 10, 1973, the Gaming Control Board of Nevada by Bulletin No. 9 advised all gaming licensees in the State of Nevada that the Casino Entertainment Tax, NRS 463.401–463.406, applied to all photographs taken and sold to patrons of casino showrooms and required each licensee to keep accurate records thereon from May 1, 1973, forward.

Appellant is a Nevada corporation which has contractual relationships with each of respondent licensees under which it is granted an exclusive photography concession. This entitles the appellant to take photographs of hotel guests in various areas of the hotels including casino entertainment areas, such as the main and lounge showrooms, and to sell the photographs to such guests. Appellant is also provided with space at the hotels of respondent licensees to operate a photographic darkroom and laboratory in connection with such photography concession.

Photographs in the main and lounge showrooms are in all cases taken by appellant before entertainment starts at which time the camera girl normally takes a small deposit from the customer. The photographs are processed in the darkroom and laboratory during the show and are delivered and the balance paid after the entertainment is ended, normally while the patron is still in the confines of the showroom or immediately upon his exit.[1]

The question is, does the Casino Entertainment Tax of NRS 463.401[2] apply to photographic services rendered by

---

[1]The foregoing statements are excerpts from the agreed statement of facts executed by the parties.

[2]NRS 463.401: Casino entertainment tax: Levy; amount; exemptions.

1.  In addition to any other license fees and taxes imposed by this chapter, a tax, to be known as the casino entertainment tax, is hereby levied upon each licensed gaming establishment in this state where music and dancing privileges or any other entertainment, except instrumental or mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment or merchandise. A licensed gaming establishment is not subject to tax under this section if the establishment is licensed for not more than 50 slot machines, not more than three table games or any combination of slot machines and table games within such respective limits, or if:

(a) No distilled spirits, wine or beer is served or permitted to be consumed;

(b) Only light refreshment is served;

(c) Where space is provided for dancing, no charge is made for dancing; and

(d) Where music is provided or permitted, such music is:

(1) Instrumental or other music which is supplied without any charge to the owner, lessee or operator of such establishment or to any concessionaire; or

(2) Mechanical music.

2.  The amount of the tax imposed upon each licensed gaming establishment by this section is 10 percent of all amounts paid for admission, merchandise, refreshment or service.

3.  The tax imposed by this section shall be paid by the licensee of such establishment.

photo concessionaires in the showrooms and lounges of gaming licensees? The trial court held that it does. We, however, do not agree and reverse.

The Nevada entertainment statute taxes licensed gaming establishments which offer live entertainment to patrons "in connection with the serving or selling of food, refreshment or merchandise." Photographs are neither food nor refreshment. The sale of photos under the Federal Cabaret Statute, from which our statute is derived, was construed to be a "service," not merchandise. IRS Rev. Rul. 57–263(2);[3] see Lethert v. Culbertson's Cafe, Inc., 313 F.2d 506 (8th Cir. 1963).

It is conceded by the parties that our statute is patterned from the Federal Cabaret Act and enacted in Nevada because of the repeal of the federal act. The federal statute applied to concessionaires because the tax in that statute was paid by the persons receiving the payments, namely the concessionaires. However, in borrowing the federal statute our legislature omitted reference to "service."

The Nevada tax law does not call for assessment on photographic service. We cannot tell whether the legislature did or did not intend the photographic concessions to be included as part of the casino operators' tax.

---

[3]IRS Rev. 57–263(2):

A cabaret owner or operator grants to another person rights to concessions in the cabaret. The concessions include the operation of food, refreshment and cigarette vending machines, the photographing of customers, and the maintenance of checking facilities. Under the terms of the agreement between the parties, the concessionaire receives the proceeds from the concessions, pays the operating expenses, provides necessary maintenance and service and has control over the vending machines and the *photographic* and checking facilities. The concessionaire pays the cabaret owner a flat rate for the concessions for the concessions rights or an amount equal to a percentage of the gross receipts derived from the concessions.

. . . .

. . . , it is held that under the circumstances described in (2) above the concessionaire is the person receiving the payments for the food, refreshment or merchandise, and he is liable for the return and payment of the tax on the total receipts from the machines. *A photographic or checking concession is considered to provide a "service" within the meaning of the statute and fixed amounts paid by patrons of the cabaret for such service are subject to the cabaret tax. Under these circumstances, the cabaret owner or operator is not liable for tax on amounts paid to him for the concessions rights regardless of the basis upon which payments are made.* (Emphasis added.)

See also IRS Rev. Rul. 63–154.

An administrative body may within prescribed limits and when authorized by the law-making power make rules and regulations calculated to carry into effect the expressed legislative intention. But the commission cannot by such rule impose a tax that is not mentioned in the statute as taxable. Washington Printing & Binding Co. v. State, 73 P.2d 1326 (Wash. 1937); cf. State Board of Barber Examiners v. Walker, 192 P.2d 723, 728 (Ariz. 1948).

Taxing statutes when of doubtful validity or effect must be construed in favor of the taxpayers. A tax statute particularly must say what it means. We will not extend a tax statute by implication. State v. Pioneer Citizens Bank, 85 Nev. 395, 456 P.2d 422 (1969). We declare Regulation No. 13 of the Nevada Gaming Commission which interprets and implements the Casino Entertainment Tax to apply to photo concessionaires to be invalid since it is not authorized by NRS 463.401 pursuant to which it was promulgated.

The foregoing being dispositive of this appeal, consideration of other issues and constitutional questions is unnecessary.

Reversed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.