NEVADA GAMING COMMISSION, STATE GAMING CON-
TROL BOARD AND STATE OF NEVADA, Appellants, v.
DESERT PALACE, INC., DBA CAESARS PALACE;
SUMMA CORPORATION DBA CASTAWAYS HOTEL;
DESERT INN AND COUNTRY CLUB; AND FRONTIER
HOTEL; CONSOLIDATED CASINOS CORPORATION:
HILTON HOTEL CORPORATION DBA FLAMINGO
HILTON AND LAS VEGAS HILTON; MGM GRAND
HOTEL-LAS VEGAS, INC.; HUGHES PROPERTIES,
INC., DBA SANDS HOTEL; HOTEL RAMADA OF
NEVADA DBA TROPICANA RESORT AND CASINO; AND
SCOTT PLAZA, INC., DBA UNION PLAZA HOTEL &
CASINO, Respondents.

No. 15720

April 4, 1985                                    697 P.2d 477

*Brian McKay,* Attorney General, Carson City, *Mark Lerner,*
Deputy Attorney General-Gaming Division, Las Vegas, for
Appellants.

*Lionel, Sawyer & Collins* and *Robert D. Faiss* and *Anthony N.
Cabot,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In this appeal we are required to interpret NRS 463.401. This statute imposes "a casino entertainment tax equivalent to 10 percent on all amounts paid for admission, food, refreshments and merchandise."

Although the gaming commission has in the past taken the position that the casino entertainment tax did not apply to amounts paid by patrons for services as distinguished from amounts paid for admission, food, refreshments, and merchandise, in 1983 the commission started taxing amounts paid to brokers who provided services to resort patrons in the form of obtaining show-room reservations, pre-paying drink charges, pre-paying gratuities, and other related services. The respondent resort hotels filed suit in district court challenging the gaming commission's interpretation of the statute and seeking a declaration of the meaning of the statute. The district court granted the resort hotels' motion for summary judgment, ruling that payments by resort patrons to brokers for commissions and as reimbursement for monies advanced by brokers for mandatory gratuities required by union contract were not "amounts paid for admission, food, refreshments and merchandise" within the meaning of NRS 463.401, and therefore were not subject to the casino entertainment tax. The state appeals from this ruling.

The state contends that all amounts paid by the patron to brokers are amounts "paid for admission," reasoning that the disputed amounts are in reality merely a part of the cost of doing business and therefore not properly characterized as amounts paid for services. Since neither the amounts retained by the ticket brokers nor the amounts forwarded to the union as mandatory gratuities are ever received as a benefit to the resort hotels, this contention must be rejected. Both broker commissions and required gratuities are paid by the patron for services received by the patron and not as a benefit to the resort. We perceive no apparent difference between the gratuity left on a showroom table for the waiter and one that is paid for in advance through a ticket broker and forwarded by the union to the waiter. These sums are paid for service to the patron and paid by the patron in a transaction apart from any direct dealings with the resort hotel. Similarly, the amount paid by patrons to ticket brokers as a broker's commission is appropriately characterized as an amount

paid for services to the patron and not an amount paid to the resort hotel for admission, food, refreshment, or merchandise. Brokers provide a variety of valuable services to the patron which include allowing patrons to choose entertainment locations, menus, and prices available at the various showrooms. Payment for such services is not a taxable item for resorts.

This court has previously stated that a tax statute will not be extended by implication. *See* Cashman v. Photo Concessions and Labs, Inc. v. Nevada Gaming Commission, 91 Nev. 424, 538 P.2d 158 (1975). Following the rule articulated in *Cashman* and the plain language of the statute, we affirm the judgment of the trial court.