12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randal N. WIIDEMAN, Plaintiff-Appellee,
v.
Ron ANGELONE, Defendant-Appellant.
 No. 92-15835.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ron Angelone, Director of the Nevada Department of Prisons ("NDOP"), appeals the district court's summary judgment in favor of plaintiff Randal N. Wiideman in his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, DuFresne's Auto Service v. Shell Oil Co., 992 F.2d 920, 924 (9th Cir.1993), and affirm.
 
 
 3
 The facts are not in dispute. Wiideman is a Nevada state prisoner who has received postage stamps for legal mail at NDOP's expense. Angelone instituted Administrative Directive 16-91, requiring indigent inmates to sign a "brass slip" entitling them to stamps without prepayment but authorizing the NDOP to deduct the postage costs from their inmate account whenever the balance exceeded ten dollars.[1]
 
 
 4
 After having the costs of stamps deducted from his inmate account pursuant to the Directive, Wiideman filed suit under section 1983. Both sides filed summary judgment motions. The district court found that the Directive lacked sufficient enabling legislation and violated Wiideman's due process rights. The court granted summary judgment for Wiideman and enjoined Angelone from enforcing the Directive.[2]
 
 
 5
 On appeal, Angelone does not dispute that the Directive lacks enabling legislation or violates due process. Rather, he argues that the Directive preserves an indigent inmate's right of access to the courts. That argument is beside the point, because the court expressly based its summary judgment on the lack of enabling legislation and due process.
 
 
 6
 An administrative agency's rulemaking power is limited to the adoption of rules and regulations that effectuate legislative intent as expressed by statute. Dixon v. United States, 381 U.S. 68, 74 (1965); Cashman Photo Concessions v. Nevada Gaming Commission, 538 P.2d 158, 160 (Nev.1975). When the enabling legislation unambiguously enumerates the specific items the agency can regulate, the agency is limited to the items so enumerated. Brannan v. Stark, 342 U.S. 451, 462 (1952); Ruiz v. Morton, 462 F.2d 818, 822 (9th Cir.1972), aff'd, 415 U.S. 199 (1974). A regulation that oversteps such statutory boundaries is a nullity. Dixon, 381 U.S. at 74.
 
 
 7
 The enabling legislation at issue here, Nev.Rev.Stat. Sec. 209.246, authorizes Angelone to make regulations concerning deductions from prisoner accounts to recoup certain expenses, which are unambiguously and specifically enumerated.[3] Postage fees are not among them. The Directive, therefore, is a nullity. See id.; Brannan, 342 U.S. at 462; Cashman, 538 P.2d at 160.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Administrative Directive 16-91 provides in relevant part:
 The Department of Prisons extends credit to indigent inmates in the form of Department charges for ... legal postage ... for which the inmate has signed a brass slip ... for authorization of payment.
 Department charges will be collected from any inmate who has a balance of $10.00 or more in his account. The amount collected will be 50% of each incoming deposit (above the balance of $10.00) or the amount owed, whichever is less. These deductions will be made until the balance of department charges is paid in full.
 
 
 [2]
 The court found Angelone immune from suit for damages. Wiideman's appeal from that ruling was voluntarily dismissed
 
 
 [3]
 Nev.Rev.Stat. Sec. 209.246 provides in relevant part:
 The director shall ... establish by regulation criteria for a reasonable deduction from money credited to the account of an offender to:
 
 
 [1]
 Repay the cost of:
 (a) State property willfully damaged or destroyed by the offender during his incarceration.
 (b) Medical treatment for injuries inflicted by the offender upon himself or others.
 (c) Searching for and apprehending the offender when he escapes or attempts to escape.
 (d) Quelling any riot or other disturbance in which the offender is unlawfully involved.
 
 
 [2]
 Defray the costs paid by the department for medical care for the offender