GEORGE S. CARRINGTON COMPANY *vs.* STATE TAX
COMMISSION.

Suffolk. February 15, 1978. — June 29, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Taxation*, Sales tax. *Constitutional Law*, Taxation, Interstate commerce.

There was no constitutional impediment to imposition of the Massachu-
setts sales tax on sales of packets of fund raising materials which were
manufactured and prepared for mailing by a Massachusetts company
and delivered by it to a post office for mailing to prospective donors,
ninety-five per cent of whom lived outside Massachusetts, and the ex-
emption defined by G. L. c. 64H, § 6 (*a*), was not available to the
transactions. [551-554]
Sales of packets of fund raising materials manufactured and prepared for
mailing by a Massachusetts company, according to the specifications
of various religious charities located outside Massachusetts, and
delivered by it to the post office for mailing to prospective donors,

ninety-five per cent of whom lived outside Massachusetts, were not exempt from taxation under G. L. c. 64H, § 6 (*b*). [554]

Sales to certain charitable organizations were not exempt from taxation under G. L. c. 64H, § 6 (*e*), where the charities had not requested certification entitling them to an exemption as required by § 6 (*e*) (2). [554-555]

APPEAL from a decision of the Appellate Tax Board.

*Allan van Gestel* (*Thomas E. Peckham* with him) for the taxpayer.

*Terry Jean Seligmann*, Assistant Attorney General, for the State Tax Commission.

HENNESSEY, C.J. This action was commenced by a petition under formal procedure filed with the Appellate Tax Board (board) protesting the refusal of the State Tax Commission (commission) to abate sales taxes totaling $50,401.04, plus interest. The board ruled that the sales in question were not exempt from taxation, and we affirm that decision.

Appellant George S. Carrington Company (Carrington) manufactures greeting cards.[1] The transactions in question occurred between January, 1970, and October, 1972. Carrington manufactured spiritual bouquet cards according to the specifications of various religious charities, all of which were located outside Massachusetts. After the cards were printed, Carrington assembled packets of fund raising materials, which in addition to the cards, contained literature intended to encourage donations and remittance envelopes bearing the name of the charity soliciting the donation. Carrington addressed the packets to individual prospective donors, about ninety-five per cent of whom live outside Massachusetts. Carrington then sorted the packets by zip code and delivered them to a United States post office for mailing. Postal charges were computed based on rates

---

[1] Carrington is a division of Fox Valley Corporation (Fox Valley). Although Fox Valley is a Wisconsin corporation, Carrington's usual place of business is Leominster, Massachusetts, and Carrington concedes that it is the proper party to pay any sales taxes resulting from the transactions in question.

applicable to mailings by nonprofit organizations, and in each case Carrington used the mailing permit of the particular charity that had requested the order. The board found that Carrington's performance of its obligations terminated within Massachusetts when the packets were delivered for mailing, and also that the sales in question were not exempt on any of the three grounds urged by Carrington. Carrington advances these same three arguments on appeal.

1. Carrington first argues that the transactions in question were exempt from taxation as "[s]ales which the commonwealth is prohibited from taxing under the constitution . . . of the United States." G. L. c. 64H, § 6 (a), inserted by St. 1967, c. 757, § 1. This contention is without merit. See *Complete Auto Transit, Inc.* v. *Brady*, 430 U.S. 274, rehearing denied, 430 U.S. 976 (1977).

Carrington maintains that it is unconstitutional for the Commonwealth to impose a sales tax under the circumstances, because the taxable event — namely, delivery to the post office, see G. L. c. 64H, § 1 (12) (a), (e) — is not local activity of a sort that may be readily separated from interstate commerce. See *Dunbar-Stanley Studios, Inc.* v. *Alabama*, 393 U.S. 537, 540 (1969); *Michigan-Wis. Pipe Line Co.* v. *Calvert*, 347 U.S. 157, 166 (1954); *Western Live Stock* v. *Bureau of Revenue*, 303 U.S. 250 (1938). Carrington argues that these sales are so inextricably linked with interstate commerce that to subject them to the sales tax would offend the commerce clause of the United States Constitution. U.S. Const. art. 1, § 8, cl. 3. According to Carrington, we need only determine whether the tax was imposed while the goods were "in" or "out" of the stream of interstate commerce. Clearly, these goods were "in" interstate commerce once they were delivered to the post office.

Carrington's argument assumes that interstate commerce enjoys a sort of "free trade" immunity from State taxation, but this view has been abandoned by the United States Supreme Court in favor of an approach that considers instead the practical effect of the tax on interstate commerce. See

*Complete Auto Transit, Inc.* v. *Brady, supra* at 279.[2] In
*Complete Auto Transit,* the Court might have held that the
Mississippi tax on the privilege of doing business in the State
had been levied on wholly intrastate activity readily separ-
able from interstate commerce. Compare *id.* at 276 with
*McGoldrick* v. *Berwind-White Coal Mining Co.,* 309 U.S.
33 (1940). Instead the Court assumed that the taxable activ-
ity was a part of interstate commerce. The Court held
nevertheless that a State tax is valid under the commerce
clause if the tax "is applied to an activity with a substantial
nexus with the taxing State, is fairly apportioned, does not
discriminate against interstate commerce, and is fairly
related to the services provided by the State." *Complete
Auto Transit, Inc.* v. *Brady, supra* at 279, overruling *Spec-
tor Motor Serv., Inc.* v. *O'Connor,* 340 U.S. 602 (1951).
That is the test by which we measure the tax imposed here.[3]

Clearly a sales tax may be fairly imposed by Massachu-
setts in this case without creating an undue burden on the
ability of business to deal in interstate channels. The manu-
facturing, printing, and packaging of the fund raising
packets all occurred within Massachusetts, and Carrington's
entire performance of the contract occurred within the
State. Thus, the requirement of a nexus between the sale
and the taxing State is amply satisfied here. See *Western
Live Stock* v. *Bureau of Revenue,* 303 U.S. 250 (1938);
*American Mfg. Co.* v. *St. Louis,* 250 U.S. 459 (1919).

Nor can Carrington show any real "danger of interstate
commerce being smothered by cumulative taxes of several

---

[2] See also *Department of Revenue* v. *Association of Wash. Stevedoring
Cos.,* 435 U.S. 734, 749-750 (1978).

[3] Carrington further argues that the analysis in *Complete Auto Transit*
does not apply to sales tax cases, but only to situations in which a State im-
poses a tax on the privilege of carrying on within the State certain activi-
ties relating to a corporation's operation of an interstate business. We do
not believe the Court's opinion can be read so narrowly. Indeed, the
Court characterized the Mississippi tax there in issue as a "sales tax."
*Complete Auto Transit, Inc.* v. *Brady, supra* at 275. The label by which a
tax is known should not control the constitutional principles by which it is
judged. That is a dominant theme in the *Complete Auto Transit* opinion.
See *id.* at 284.

states." *Complete Auto Transit, Inc.* v. *Brady*, 330 So. 2d 268, 272 (Miss. 1976), aff'd, 430 U.S. 274 (1977). Carrington concedes that no multiple taxation has occurred, and its argument makes it clear that even a theoretical possibility of multiple taxation is remote at best. Carrington mailed the packets directly to prospective donors, not to an out-of-State agent, as was the case in *McGoldrick* v. *Felt & Tarrant Mfg. Co.*, 309 U.S. 70 (1940), in which the Supreme Court upheld the imposition of a sales tax by the State in which the goods reached their destination. Carrington had neither an out-of-State agent nor any activity elsewhere which would support the imposition of a sales tax by another State. The board found that title to the goods passed in Massachusetts, and that the "incidents upon which the tax is predicated" did not occur in any other State.

The risk that the transaction might be subject to a State use tax likewise is insubstantial. Most States have eliminated this risk by adopting statutory provisions that credit taxpayers for sales taxes paid in other jurisdictions. See, e.g., G. L. c. 64I, § 7 (c). Carrington points to one jurisdiction that does not have such an exemption, see W. Va. Code § 11-15A-3 (1974), but contrary to Carrington's suggestion, something more than a theoretical possibility of cumulative taxation must exist to invalidate an otherwise appropriate tax. See *Complete Auto Transit, Inc.* v. *Brady*, 430 U.S. 274, 288-289 n.15 (1977). See also *Department of Revenue* v. *Association of Wash. Stevedoring Cos.*, 435 U.S. 734, 750-751 (1978).

The sales tax here is at the rate applicable to all sales within the State, thus no discrimination against interstate businesses is worked by this tax. See generally *Boston Tow Boat Co.* v. *State Tax Comm'n*, 366 Mass. 474 (1974). Nor is there any problem of apportionment here, since only Massachusetts-based sales are subject to the tax. G. L. c. 64H, § 1 (12) (a), (e). Cf. *Gwin, White & Prince, Inc.* v. *Henneford*, 305 U.S. 434 (1939). Carrington clearly benefits from services provided to it by Massachusetts. Its manufacturing and sales activities enjoy the same police protection enjoyed by

other citizens and retailers. In short, there is no constitutional impediment to imposition of the sales tax under the circumstances, and the exemption defined by G. L. c. 64H, § 6 (*a*), is not available to Carrington.

2. Carrington also argues that its sales were exempt from taxation under certain provisions of G. L. c. 64H, § 6 (*b*).[4] These sales clearly do not fall within the statutory exemption, however, because Carrington delivered the packets not to a "purchaser," within the meaning of the statute, but to a designee of the purchaser. Section 6 (*b*) does not provide for an exemption in such a situation. See *Clark Franklin Press Corp.* v. *State Tax Comm'n*, 364 Mass. 598, 603-604 (1974). Carrington argues that delivery to the designees should be considered to be constructive delivery to the purchasers, but "we refuse to believe that so transparent an escape device from the sales tax was intended by the Legislature." *Id.* at 603.

3. Finally, Carrington argues that since these were sales to charitable organizations, the exemption in G. L. c. 64H, § 6 (*e*), applies. That section exempts sales to any organization exempt under certain provisions of the Internal Revenue Code, provided that the organization "shall have first obtained a certification from the commissioner stating that it is entitled to such exemption." G. L. c. 64H, § 6 (*e*) (2). The charities that dealt with Carrington had not requested such certification at the time of the sales in question, and, although they qualified for the exemption in all other respects, the board ruled that the § 6 (*e*) exemption was unavailable. There was no error. Carrington would have this court disregard the unambiguous language of a statute, but it is the court's duty to give full force and meaning to the entire statute. See, e.g., *Massachusetts Comm'n Against*

---

[4] The provision of G. L. c. 64H, § 6 (*b*), on which Carrington relies exempts from taxation the gross receipts from sales of taxable personal property in "which the vendor is obligated under the terms of any agreement to deliver to a *purchaser* outside the commonwealth or to an interstate carrier for delivery to a *purchaser* outside the commonwealth" (emphasis supplied).

*Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 191 (1976); *Commonwealth* v. *Mercy Hosp.*, 364 Mass. 515, 521 (1974). Carrington's sales were not exempt under the clear terms of § 6 (*e*), nor were they exempt on any other ground. The Appellate Tax Board was correct in so ruling, and its decision is affirmed.

*So ordered.*