# Frank W. Whitcomb Construction Corporation v. Commissioner of Taxes

[479 A.2d 164]

No. 82-448

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 8, 1984

*Clauson, Smith & O'Connell,* Hanover, New Hampshire, and *Hughes, Miller & Candon,* Norwich, for Plaintiff-Appellee.

*George E. Brooks* and *Elizabeth D. Anderson,* Montpelier, for Defendant-Appellant.

**Gibson, J.** This is an appeal by the Commissioner of Taxes (Commissioner) from an order of the Washington Superior Court finding that a use tax levied on an airplane owned by the Frank W. Whitcomb Construction Corporation (Taxpayer) must be apportioned according to the percentage of time the aircraft was used in Vermont. Because Taxpayer has failed to sustain its burden of showing that apportionment is required in this case, we reverse.

Taxpayer engages in substantial Vermont activities although its corporate headquarters and principal place of business are within the State of New Hampshire. Vermont activities include the performance of highway construction contracts as well as the operation of quarries and an asphalt batch plant.

The use tax assessment challenged in this appeal arises from the purchase of a new Piper Navaho aircraft by Taxpayer in 1977. The plane was purchased in Rhode Island and was used by the corporation to transport personnel as well as equipment and parts to Vermont. It was also used in the operation of a charter service. Approximately seventeen percent of its flight time was attributable to Vermont. The aircraft was registered and principally garaged in New Hampshire.

After the plane was sold in 1979 and following a field audit by the Vermont Department of Taxes (Department), the Department assessed a use tax deficiency in light of Taxpayer's use of the airplane in Vermont. After administrative appeal, the Commissioner upheld the use tax deficiency. The superior court, in turn, upheld the Department's right to impose the tax but held that the tax must be apportioned on the basis of Taxpayer's use of the airplane in Vermont.

The Commissioner appeals that part of the court's order requiring the use tax assessment to be apportioned. Taxpayer has made no cross-appeal and has conceded during oral argument and in its brief that adequate contacts exist to give the State of Vermont jurisdiction to impose a tax upon the use of the aircraft within the state. Taxpayer, therefore, does not challenge Vermont's right to impose a use tax. The single issue before us, on appeal, is whether such tax shall be levied upon the full purchase price of the airplane or only upon an amount equal to seventeen percent of the purchase price of the plane—a percentage reflecting the amount of actual flight time attributable to Vermont.

The controlling statutes are set forth in Chapter 233 of Title 32, V.S.A., entitled "Sales and Use Tax." Chapter 233 provides for the imposition of a sales tax on "[t]he sale of tangible personal property sold at retail in this state," 32 V.S.A. § 9771(1), as well as a compensating use tax on "any tangible personal property purchased at retail," § 9773(1), for use within Vermont "[u]nless property has already been

or will be subject to the sales tax under this chapter . . . ." § 9773.

The use tax is complementary to the sales tax. *Rowe-Genereux, Inc.* v. *Department of Taxes,* 138 Vt. 130, 133, 411 A.2d 1345, 1347 (1980). A use tax is intended to apply to goods bought outside of the state and brought into the state while a sales tax is applied to property purchased from vendors within the State of Vermont. The use tax is paid only if property has not been and will not be subject to the Vermont sales tax. 32 V.S.A. § 9773. Similarly, the use tax is paid only if a use or sales tax upon the property was not "legally due and paid . . . to any *other* state or jurisdiction . . . allow[ing] a corresponding exemption with respect to the sale or use of tangible personal property . . . upon which such a sales tax or compensating use tax was paid to this state . . . ." § 9744(3) (emphasis added).

■ "A sales tax is a tax on the freedom of purchase . . . . A use tax is a tax on the enjoyment of that which was purchased." *McLeod* v. *J. E. Dilworth Co.,* 322 U.S. 327, 330 (1944). Although the Vermont use tax may be *measured* by a percentage of the purchase price of the property, 32 V.S.A. § 9774(b), it is *imposed* on the privilege of using, keeping or consuming the purchased goods within the taxing state. §§ 9701(13), 9773.

■ The use tax is a common revenue raising device and is intended "to protect a state's revenues by taking away the advantages to residents of travelling out of state to make untaxed purchases, and to protect local merchants from out-of-state competition which, because of its lower or nonexistent tax burdens, can offer lower prices." *Rowe-Genereux, Inc., supra,* 138 Vt. at 133–34, 411 A.2d at 1347.

Taxpayer argues that because only seventeen percent of the plane's use occurred in Vermont, imposition of the three percent use tax* upon 100 percent of the aircraft's purchase price is an unconstitutional application of the statute under the Commerce Clause of the United States Constitution; thus the

---

* Effective July 1, 1982, the use tax was increased to four percent. 1981, No. 170 (Adj. Sess.), § 13.

use tax must be apportioned in accord with the airplane's particular contact with Vermont.

In *Complete Auto Transit, Inc.* v. *Brady,* 430 U.S. 274 (1977), the United States Supreme Court indicated that a state tax will be sustained under the Commerce Clause when (1) the business activity is "sufficiently connected to the State to justify a tax," (2) the tax is "fairly related to benefits provided the taxpayer," (3) the tax does not discriminate against interstate commerce, and (4) the tax is "fairly apportioned." *Id.* at 287. See also *Mobil Oil Corp* v. *Commissioner of Taxes,* 445 U.S. 425, 443 (1980), *affirming Mobil Oil Corp.* v. *Commissioner of Taxes,* 136 Vt. 545, 553, 394 A.2d 1147, 1151–52 (1978), which had previously adopted that test. *Complete Auto, supra,* was intended by the Court to clarify the numerous and often apparently conflicting precedents that it has spawned in the field of taxation. *Mobil Oil Corp., supra,* 445 U.S. at 443. Although this and other more recent cases have not been cited by Taxpayer, we understand Taxpayer's argument to center about the fourth prong of the *Complete Auto* test.

The trial court found, under *Complete Auto,* that apportionment of Vermont's use tax was constitutionally required. We believe both the trial court and Taxpayer misconceive the principles underlying the theory of apportionment. On this record, the rule of *Complete Auto* that a state tax must "be fairly apportioned" is satisfied, and we find appellee's arguments unpersuasive as "they are torn from their setting in judicial opinions and speak of state regulations or taxes of a different kind laid in different circumstances from those with which we are now concerned." *McGoldrick* v. *Berwind-White Coal Mining Co.,* 309 U.S. 33, 50 (1940).

The purpose of the Commerce Clause is to assure an area of free trade among the several states. *Michigan-Wisconsin Pipe Line Co.* v. *Calvert,* 347 U.S. 157, 170 (1954) (citing *McLeod* v. *J. E. Dilworth Co., supra,* 322 U.S. at 330–31). To pass constitutional muster under the Commerce Clause a state tax must not be discriminatory or unduly burdensome. *International Harvester Co.* v. *Department of Treasury,* 322 U.S. 340, 358 (1944) (Rutledge, J., concurring). Taxes im-

posed upon interstate businesses must not have a cumulative effect. *Ott* v. *Mississippi Valley Barge Line Co.*, 336 U.S. 169, 174 (1949). "[I]nterstate commerce cannot be subjected to the burden of 'multiple taxation.'" *General Motors Corp.* v. *Washington*, 377 U.S. 436, 440 (1964) (quoting *Michigan-Wisconsin Pipe Line Co.* v. *Calvert, supra,* 347 U.S. at 170) ; see also *Japan Line, Ltd.* v. *County of Los Angeles,* 441 U.S. 434, 446 (1979).

Under the Commerce Clause, however, "interstate commerce and its instrumentalities are not totally immune from state taxation . . . . Frequently it has been said that interstate business must pay its way . . . ." *Michigan-Wisconsin Pipe Line Co.* v. *Calvert, supra,* 347 U.S. at 165 (citations omitted).

The fourth prong of the *Complete Auto* test—the necessity of apportionment—is intended to prevent multiple taxation of interstate commerce. See *Japan Line, Ltd.* v. *County of Los Angeles, supra,* 441 U.S. at 446–47. Two methods of taxation have been developed to ameliorate the risk of cumulative tax burdens upon interstate transactions. First, as in *Henneford* v. *Silas Mason Co.,* 300 U.S. 577, 583–84, 587 (1937), multiple taxation may be avoided by a tax credit which provides an offset or exemption if a sales or use tax has been paid to another state or jurisdiction. Second, the tax burden may be apportioned. This method, first introduced in *Pullman's Palace Car Co.* v. *Pennsylvania,* 141 U.S. 18, 26, 29 (1891), imposes a tax "in conformity with a formula that rationally relates the amount of the tax to the fraction of interstate activity taking place within the taxing state." L. Tribe, American Constitutional Law § 6-19, at 367 (1978). "[T]he fact of apportionment in interstate commerce means that 'multiple burdens logically cannot occur.'" *Japan Line, Ltd.* v. *County of Los Angeles, supra,* 441 U.S. at 447.

> Where the cumulative effect of two taxes . . . actually bears in practical effect upon such interstate transaction, there is no escape under the doctrine of undue burden from one of two possible alternatives. Either one tax must fall or . . . be required to give way to the other by allowing credit . . . or there must be apportionment.

*International Harvester Co.* v. *Department of Treasury, supra,* 322 U.S. at 360 (Rutledge, J., concurring) ; see also *Northwest*

*Airlines* v. *Minnesota,* 322 U.S. 292, 309 (1943) (there is no undue burden when a state tax is exclusive or is fairly apportioned).

■ The power of a state to impose a use tax is well settled, *Henneford* v. *Silas Mason Co., supra,* and such a tax cannot impose multiple tax burdens when an offset has been provided for the use or sales tax paid to another jurisdiction. *International Harvester Co.* v. *Department of Treasury, supra,* 322 U.S. at 359–60 (Rutledge, J., concurring).

The narrow issue presented is whether Vermont's use tax scheme, currently providing a credit for sales or use taxes paid in reciprocal jurisdictions, must be apportioned as well.

■ The burden is on the taxpayer to demonstrate a risk of multiple taxation. *Standard Pressed Steel Co.* v. *Department of Revenue,* 419 U.S. 560, 563 (1975); *General Motors Corp.* v. *Washington, supra,* 377 U.S. at 449; *Northwestern States Portland Cement Co.* v. *Minnesota,* 358 U.S. 450, 462–63 (1959); *Mobil Oil Corp., supra,* 136 Vt. at 548–49, 394 A.2d at 1149. This Court has held that it will not invalidate a Vermont tax under the Commerce Clause "on an argument that is an abstraction or is based on mere speculation," *Mobil Oil Corp., supra,* 136 Vt. at 553, 394 A.2d at 1152, but will require "proof in the record of multiple taxation." *Id.* Although the United States Supreme Court has recently shown some willingness to relax this rigid requirement, see *Mobil Oil Corp., supra,* 445 U.S. at 444; L. Tribe, American Constitutional Law, *supra,* § 6-17, at 361, Taxpayer fails to show that it has been subject to multiple taxation or, indeed, to even the risk of such cumulative effect.

There is nothing in the record to indicate that any use or sales tax was paid to Rhode Island at the time of the aircraft's purchase. Since the New Hampshire legislature has not enacted a sales or use tax, no such tax has been paid to that state. Taxpayer, therefore, can point to no actual cumulative tax burden.

■ Similarly, Taxpayer fails to show any risk of multiple taxation. The act imposes no use tax liability upon a purchaser if that person is subject to either the Vermont sales tax or the use or sales tax of a reciprocal jurisdiction. 32 V.S.A.

§§ 9744, 9773. The tax credit, not unlike a proportionate tax, assures that there will be no cumulative sales or use tax liability among reciprocal jurisdictions. Taxpayer has made no attempt to show the existence of a nonreciprocal jurisdiction that, even in theory, could assess a duplicative tax. Taxpayer has failed to carry the burden of proving even the risk of multiple taxation.

The Commerce Clause does not require apportionment in addition to a tax credit. The rule of *Complete Auto, supra,* requiring a tax on interstate commerce to be "fairly apportioned" is satisfied here. The state has provided a tax credit in lieu of apportionment. This credit, not unlike a proportionate tax, eliminates the possibility of cumulative use tax liability. The Vermont legislature has chosen not to incorporate apportionment within the use tax scheme. This Court, therefore, is without power to impose such a requirement. *Vector Co.* v. *Benson,* 491 S.W.2d 612, 615 (Tenn. 1973) (court has no authority to apportion a use tax absent legislative provision). We agree with the Commissioner that apportionment of this tax is neither constitutionally required nor legislatively authorized.

*Reversed.*