705 P.2d 654 (1985)
GREAT AMERICAN AIRWAYS, a Nevada Corporation, Appellant,
v.
NEVADA STATE TAX COMMISSION, an administrative agency of the State of Nevada, Respondent.
No. 15992.
Supreme Court of Nevada.
August 27, 1985.
*655 Lionel, Sawyer & Collins, Laura B. Ahearn and Richard Campbell, Reno, for appellant.
Brian McKay, Atty. Gen., and Michael Dougherty, Deputy Atty. Gen., Carson City, for respondent.

OPINION
PER CURIAM:
Great American Airways (GAA) is a Nevada corporation, headquartered in Reno, *656 engaged in the interstate transportation of charter air passengers. GAA primarily transports charter groups for the Carson City Nugget. Frequently, flights are made to destinations outside of Nevada where, in most instances, the aircraft remains overnight before returning to Nevada.
On or about July 2, 1979 GAA purchased, in Kansas, a DC-9 aircraft from Trans World Airways (TWA) for $3,600,000.00. During oral argument before this court, GAA's counsel admitted that GAA was not required to pay a sales tax in Kansas.
The Department of Taxation conducted an audit of the books and records of GAA covering the period July 1, 1979 through November 30, 1979. As a result of the audit, GAA was assessed taxes and penalties totaling $128,520.00 ($72,000.00 attributable to GAA's use, consumption and storage, in Nevada, of the DC-9 aircraft purchased in Kansas).
The gravamen of GAA's complaint is: 1) that the levying of a use tax on its out-of-state aircraft purchase unconstitutionally burdens interstate commerce, and 2) that its aircraft purchase was exempted from use taxation as an "occasional sale" under NRS 372.320.[1]
We reject both propositions. Firstly, the tax did not unconstitutionally burden interstate commerce because it was fairly apportioned, nondiscriminatory and fairly related to services provided by Nevada. See Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), reh'g denied, 430 U.S. 976, 97 S.Ct. 1669, 52 L.Ed.2d 371 (1977). Secondly, GAA presented no evidence from which the Department of Taxation or the trial court could have determined that its aircraft purchase was exempt as an "occasional sale" and thus did not sustain its burden of proof. See NRS 372.320.
Originally, interstate commerce was immune from state taxation, but now interstate commerce is required to pay its just share of state tax burdens. See Braniff Airways, Inc. v. Nebraska State Board of Eq. & A., 347 U.S. 590, 598, 74 S.Ct. 757, 762, 98 L.Ed. 967 (1954), reh'g denied, 348 U.S. 852, 75 S.Ct. 18, 99 L.Ed. 671 (1954). Where a tax goes too far, it will be struck down as burdening interstate commerce. In determining if a tax is excessively burdensome, analysis focuses on the tax's practical effects. "In reviewing Commerce Clause challenges to state taxes, our goal has instead been to `establish a consistent and rational method of inquiry' focusing on `the practical effect of a challenged tax.'" Commonwealth Edison Co. v. Montana, 453 U.S. 609, 615, 101 S.Ct. 2946, 2952, 69 L.Ed.2d 884 (1981), reh'g denied, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981) quoting from Mobil Oil Corp. v. Commissioner of Taxes, 445 U.S. 425, 443, 100 S.Ct. 1223, 1234, 63 L.Ed.2d 510 (1980).
The four prong test announced in Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), reh'g denied, 430 U.S. 976, 97 S.Ct. 1669, 52 L.Ed.2d 371 (1977) culminated the United States Supreme Court's efforts to focus on a tax's practical effects. A tax will be sustained against a "Commerce Clause challenge when the tax is applied to an activity with a substantial nexus with the taxing state, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the state." Id. at 279, 97 S.Ct. at 1079.
Complete Auto is the bench mark of state taxation of interstate commerce. See George S. Carrington Co. v. State Tax Com'n, 375 Mass. 549, 377 N.E.2d 950, 952 n. 3 (1978). Complete Auto's four prong test has been applied to a use tax on an airplane, Whitcomb v. Commissioner of Taxes, 144 Vt. 466, 479 A.2d 164 (1984), a first-use tax on natural gas, Maryland v. Louisiana, 451 U.S. 725, 101 S.Ct. 2114, 68 *657 L.Ed.2d 576 (1981), a sales tax, George S. Carrington Co. v. State Tax Com'n, 375 Mass. 549, 377 N.E.2d 950 (1978), a privilege tax, Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), reh'g denied, 430 U.S. 976, 97 S.Ct. 1669, 52 L.Ed.2d 371 (1977), and a severance tax, Commonwealth Edison Co. v. Montana, 453 U.S. 609, 101 S.Ct. 2946, 69 L.Ed.2d 884 (1981), reh'g denied, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981).
At issue in this case is the propriety of a use tax, NRS 372.185,[2] imposed upon GAA's out-of-state purchase of an airplane used in interstate commerce and hangared in Reno. GAA contends the use tax imposed on its purchase violated the Complete Auto test because it was unapportioned, discriminatory, and not fairly related to values attributable to Nevada.[3] GAA's nexus to Nevada is conceded.
A properly apportioned tax does not tax activities carried on outside the state's borders and does not result in multiple taxation. Complete Auto, 430 U.S. at 282, 97 S.Ct. at 1080. See also General Motors Corp. v. Washington, 377 U.S. 436, 440-441, 84 S.Ct. 1564, 1567-1568, 12 L.Ed.2d 430 (1964), reh'g denied, 379 U.S. 875, 85 S.Ct. 14, 13 L.Ed.2d 79 (1964). Improper apportionment results in multiple taxation and multiple taxation is clearly unconstitutional. Northwestern States Portland Cement Co. v. Minnesota, 358 U.S. 450, 452, 79 S.Ct. 357, 359, 3 L.Ed.2d 421 (1959).
GAA's argument concerning apportionment focuses on two points: 1) that because NRS 372.345[4] does not expressly provide an exemption for sales and use taxes paid in other states, there is the possibility of multiple taxation and 2) that because appellant's airplane is partially used and consumed outside of Nevada, Nevada can only tax a portion of the plane's value.
We need not address GAA's concern that Nevada's taxing scheme may result in multiple taxation because GAA's failure to demonstrate actual multiple taxation is fatal to its assignment of error. Whitcomb v. Commissioner of Taxes, 144 Vt. 466, 479 A.2d 164, 168 (1984). GAA's counsel admitted that no sales tax was paid in Kansas, and there has been no showing that other states are attempting to extract a functionally equivalent use tax from GAA. Because of this failure of proof, we need not decide what effect a foreign jurisdiction's uncredited sales or use taxes would have on Nevada's taxing scheme.
GAA's argument that Nevada should apportion its use tax based upon the amount of miles flown in Nevada or hours spent in Nevada would not only be administratively complicated for both the state and the taxpayer, but also misconceives the function of a use tax,[5] namely, to prevent evasion of the state sales tax.

*658 As the district court judge ably noted, [A] use tax is imposed upon an out-of-state purchase by a state resident when the object of the purchase is used, stored or consumed within the taxing state. NRS 372.185. The incidence of taxation of the use tax is the residency of the purchaser, the out-of-state purchase, and the use, storage or consumption of the purchased object within the state. If these three incidents occur in one state, that state may assess a use tax on the entire purchase price. Id. Under these circumstances, there is no danger of multiple state taxation of the same tax incidences. The use tax is a fairly apportioned tax. (Emphasis added.)
In Commonwealth Edison, while rejecting the notion of a "local event," the Supreme Court dismissed an apportionment challenge by noting: "Nor is there any question here regarding apportionment or potential multiple taxation, for as the state court observed, `the severance can occur in no other state' and `no other state can tax the severance.'" Commonwealth Edison, 453 U.S. at 617, 101 S.Ct. at 2953. Viewing the use tax as complimentary to the sales tax, only Nevada has a sufficient nexus with GAA to levy a use tax upon its out-of-state airplane purchase. The special relationship between sales and use taxes, along with the Complete Auto criteria, makes the tax in the case at bar inherently apportioned.
GAA also contends that Nevada's use tax unduly burdens interstate commerce because it is discriminatory. The discrimination prong of the Complete Auto test requires that the state place no greater burden upon interstate commerce than it places upon competing intrastate commerce of like character. Complete Auto, 430 U.S. at 282, 97 S.Ct. at 1080.
[A] State "may not discriminate between transactions on the basis of some interstate element." Boston Stock Exchange, [v. State Tax Commission] supra, 429 U.S., [318] at 332, n. 12, 97 S.Ct., [599] at 608, n. 12 [50 L.Ed.2d 514]. That is, a State may not tax a transaction or incident more heavily when it crosses state lines than when it occurs entirely within the State.
Armco, Inc. v. Hardesty, ___ U.S. ___, ___, 104 S.Ct. 2620, 2622, 81 L.Ed.2d 540 (1984), reh'g denied, ___ U.S. ___, 105 S.Ct. 285, 83 L.Ed.2d 222 (1984).
Nevada's use tax, like the gross proceeds sales tax in Chicago Bridge & Iron v. State, Dept. of Rev., 98 Wash.2d 814, 659 P.2d 463, 472 (1983), appeal dismissed, ___ U.S. ___, 104 S.Ct. 542, 78 L.Ed.2d 718 (1983) "treats intrastate and interstate businesses equally, making no distinction between them." Any air carrier headquartered in Nevada, whether intrastate or interstate, making an out-of-state purchase of an airplane which will be be used, consumed or stored in Nevada, is potentially subject to use taxation. Under such circumstances, there is no discrimination because intrastate and interstate commerce are equally burdened.
In passing, GAA argues that Nevada's use tax is not fairly related to values attributable to Nevada. This prong of the Complete Auto test was addressed in Commonwealth Edison. The inquiry is premised on whether the state has given anything for which it can ask return and is closely allied with the nexus inquiry. The greater the nexus, the less likely a benefits challenge will be sustained. Because GAA has a substantial nexus with Nevada and derives many benefits from being a Nevada corporation headquartered in Reno, the tax is fairly related to values attributable to Nevada.[6]
*659 NRS 372.320 exempts an "occasional sale" from sales and use taxation. The specific facts of each case are critical to evaluating whether a transaction is exempted as an "occasional sale." Additionally, the taxpayer bears the burden of proving that he is entitled to the exemption. See Pacific Pipeline Const. Co. v. State Board of Equal., 49 Cal.2d 729, 321 P.2d 729, 732 (1958). Because GAA failed to prove that its purchase from TWA was an "occasional sale," the exemption does not apply.
GAA's remaining contentions lacking merit, we affirm the decision of the district court.
NOTES
[1] NRS 372.320 reads: "There are exempted from the taxes imposed by this chapter the gross receipts from occasional sales of tangible personal property and the storage, use or other consumption in this state of tangible personal property, the transfer of which to the purchaser is an occasional sale."
[2] NRS 372.185 reads:

An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased from any retailer on or after July 1, 1955, for storage, use or other consumption in this state at the rate of 2 percent of the sales price of the property.
[3] GAA also challenged the tax on due process grounds. Due process challenges have focused on the taxing jurisdiction's nexus to the taxpayer and whether the taxing jurisdiction provided services to the taxpayer for which it could seek reimbursement, the first and fourth prongs of the Complete Auto test. See Commonwealth Edison Co. v. Montana, 453 U.S. at 622-629, 101 S.Ct. at 2955-2960; Chicago Bridge & Iron v. State, Dept. of Rev., 98 Wash.2d 814, 659 P.2d 463, 467 (1983), appeal dismissed, ___ U.S. ___, 104 S.Ct. 542, 78 L.Ed.2d 718 (1983). Because of this duplication, GAA's due process concerns will not be treated separately.
[4] NRS 372.345 reads: "The storage, use or other consumption in this state of property, the gross receipts from the sale of which are required to be included in the measure of the sales tax, is exempted from the use tax."
[5] Use taxes are a form of excise tax. They have long withstood constitutional challenge and are employed "by all states that have sales taxes in order to prevent evasion of the sales tax, to equalize the burdens on interstate and intrastate transactions, and to expand the reach of the sales tax beyond state boundaries. The use tax is complementary to the sales tax." White, State Sales and Use Taxes  Variations, Exemptions, and the Aviation Industry, 45 Journal of Air Law and Commerce, 509, 515-516 (1980). (Footnote omitted.)
[6] We also conclude, under the former test for state taxation of interstate commerce, that there was a taxable moment, Southern Pacific Co. v. Gallagher, 306 U.S. 167, 59 S.Ct. 389, 83 L.Ed. 586 (1939), in Nevada, when GAA's aircraft had ended its interstate transportation and not yet begun interstate operation. The taxable moment was the storage which occurred when the aircraft returned from Kansas City and was stored in Reno prior to beginning interstate operation on September 26, 1979. Compare W.R. Grace & Co. v. Comptroller of Treasury, etc., 255 Md. 550, 258 A.2d 740 (1969) with Management Servs., Inc. v. Spralding, 547 S.W.2d 466 (Mo. 1977) and American Airlines, Inc. v. State Bd. of Equalization, 216 Cal. App.2d 180, 30 Cal. Rptr. 590 (1983).