The issue raised by the petitioners is whether the State Department of Revenue legally and correctly assessed use taxes against certain vehicles operated by Fleming Foods of Alabama, Inc. ("Fleming Foods"), pursuant to § 40-23-61(c), Ala. Code 1975.
On January 22, 1985, the Department issued assessments against Fleming Foods for use taxes on vehicles during the tax period 1981-1984 in the amounts of $15,320.63 for state use tax and $5,106.89 for city use tax. Fleming Foods then petitioned the Department for a redetermination. Its petition was denied, and Fleming Foods then requested a hearing before the Department's Administrative Law Division. After a hearing, the administrative law judge affirmed the assessments. Fleming Foods appealed the assessments to the Circuit Court of Geneva County.
The circuit court considered the case based on a signed stipulation of the parties, the transcript of the administrative hearing, briefs, and oral argument by counsel for the parties. The circuit court held that the assessments were legal and correct and directed the Department to make the assessments final. Fleming Foods filed a motion for a new trial or, in the alternative, a JNOV. That motion was denied, and Fleming Foods appealed to this Court. We transferred the appeal to the Court of Civil Appeals.
The Court of Civil Appeals held that the use tax assessments failed the internal and external consistency tests of the second prong (apportionment) and third prong (discriminates against interstate commerce) of Complete Auto Transit, Inc. v.Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977). The Court of Civil Appeals reversed the judgment and remanded the cause with instructions to reassess the use taxes in an apportioned amount. That court's opinion was subsequently modified to provide that, on remand, the circuit court was to direct the Department to reassess the use taxes against Fleming Foods in an apportioned amount. See Fleming Foods of Alabama,Inc. v. Department of Revenue, 648 So.2d 571 (Ala.Civ.App. 1993).
Both the Department and Fleming Foods petitioned this Court for certiorari review. The Department contends that the judgment of the Court of Civil Appeals should be reversed and that the Department's assessment should be reinstated. Fleming Foods argues that the judgment of the Court of Civil Appeals should be affirmed insofar as it holds the assessment invalid under the Commerce Clause of the United States Constitution, but reversed insofar as it interprets § 40-23-62(2) as allowing apportionment of use taxes.
We first acknowledge that the opinion of the Court of Civil Appeals correctly holds that § 40-2-22 (repealed effective October 1, 1992, by Act No. 92-186, Ala. Acts 1992) applies to this case and that the assessments made by the Department are considered to be prima facie correct. We note, as the Court of Civil Appeals acknowledged, that exemptions from taxation are to be strictly construed against the person or party claiming the exemption and in favor of the right to tax. CommunityAction Agency of Huntsville, Madison County, Inc. v. State,406 So.2d 890, 893-94 (Ala. 1981).
We also acknowledge that the Use Tax Act and the Sales Tax Act are complementary. The use tax serves to equalize the burden of the sales tax and to prevent a person from avoiding the sales tax by purchasing goods outside the state. State v.Southern Kraft Corp., 243 Ala. 223, 8 So.2d 886 (1942); Statev. Toolen, 277 Ala. 120, 167 So.2d 546 (1964). *Page 579 
The use tax is levied pursuant to § 40-23-61(c), which provides:
 "(c) An excise tax is hereby imposed on the storage, use or other consumption in this state of any automotive vehicle or truck trailer, semitrailer or house trailer, and mobile home set-up materials and supplies including but not limited to steps, blocks, anchoring, cable pipes and any other materials pertaining thereto, purchased at retail on or after October 1, 1965, for storage, use or other consumption in this state at the rate of two percent[1] of the sales price of such automotive vehicle, truck trailer, semitrailer or house trailer, and mobile home set-up materials and supplies as specified above, or the amount of tax collected by the seller, whichever is greater; provided, however, when the seller follows the Department of Revenue's suggested use tax brackets and his records prove that his following said brackets resulted in a net undercollection of tax for the month, he may report the tax due or tax collected, whichever is less. Where any used automotive vehicle or truck trailer, semitrailer or house trailer is taken in trade, or in a series of trades, as a credit or part payment on the sale of a new or used vehicle, the tax levied herein shall be paid on the net difference, that is, the price of the new or used vehicle sold less the credit for the used vehicle taken in trade."
A use tax, such as § 40-23-61(c) imposes, does not violate the Commerce Clause of the United States Constitution if: "(1) there is a substantial nexus between the activity and the taxing state; (2) the tax is fairly apportioned; (3) the tax is nondiscriminatory; and (4) it is reasonably related to services and protection provided by the taxing state." Ex parte DixieTool Die Co., 537 So.2d 923, 924 (Ala. 1988), citing CompleteAuto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076,51 L.Ed.2d 326 (1977).
The Court of Civil Appeals held that Fleming Foods met the first prong of the Complete Auto Transit test (that the activity had a substantial nexus with the State of Alabama) and the last prong (that the tax is reasonably related to services and protection provided by the State of Alabama), but held that the second and third prongs were not met. We disagree.
When the Complete Auto Transit test is applied to a state's use tax assessment, it must be understood that a use tax is not a tax on revenues generated from carrying on interstate business, like the taxes in Goldberg v. Sweet, 488 U.S. 252,109 S.Ct. 582, 102 L.Ed.2d 607 (1989), but is an excise tax imposed upon the privilege of storing, using, or otherwise consuming tangible personal property purchased at retail outside the state and domiciled in the state. The use tax is not a recurring annual tax, but is a one-time tax levied at the same rate as the sales tax and is complementary to the sales tax.
The use tax is described in 68 Am.Jur.2d, Sales and Use Tax § 188 (1973), as neither a property tax nor an ad valorem tax: it is a nonrecurring tax. Also, a use tax is externally consistent because of the credit provided for payment of sales or other use tax:
 "The provision of a credit in a use tax statute for sales or use tax paid to another state makes a use tax externally consistent, as much as such a provision avoids actual multiple taxation."
(Emphasis added.)
The use tax imposed in the present case is not imposed upon revenues derived from carrying on an interstate business or interstate commerce, but is intended to prevent one from avoiding the sales tax law.
In this case, it is clear that no sales tax was ever paid on these vehicles; there was no evidence of actual multiple taxation; and there was no evidence that any other state has attempted to impose a sales or use tax upon the vehicles. The trucks and trailers were purchased outside Alabama and were brought into Alabama and based at Geneva. If Fleming Foods had purchased the vehicles from an Alabama dealer, sales tax would have been collected under § 40-23-2(4) at the time of the sale. This would have exempted *Page 580 
the vehicles from any use tax in Alabama. The use tax of §40-23-61(c) is a tax equivalent to the sales tax of §40-23-2(4) and it is levied on those vehicles on which the sales tax has not been paid. This is not taxation of interstate commerce.
The administrative law judge upheld the use tax assessments, based upon Great American Airways v. Nevada State Tax Comm'n,101 Nev. 422, 705 P.2d 654 (1985), cert. denied, 479 U.S. 817,107 S.Ct. 74, 93 L.Ed.2d 31 (1986). However, other cases also support the assessment. See: Whitcomb v. Commissioner of Taxes,144 Vt. 466, 479 A.2d 164 (1984) (use tax imposed on aircraft purchased outside Vermont); Director of Revenue v. SuperiorAircraft Leasing Co., 734 S.W.2d 504 (Mo. 1987) (use tax on airplane upheld by Missouri Supreme Court; no sales tax paid in any other state); Service Merchandise Co. v. Jackson,735 S.W.2d 443 (Tenn. 1987) (Tennessee Supreme Court upheld use tax of aircraft hangared in Nashville; no sales or use tax paid in any other state); H.K. Porter Co. v. Commonwealth,111 Pa. Commw. 463, 534 A.2d 169 (1987) (because credit for other taxes was allowed, there was no double taxation); ArcherDaniels Midland Co. v. Department of Revenue, 170 Ill. App.3d 1014, 120 Ill.Dec. 828, 524 N.E.2d 1010 (1988).
For the reasons stated above, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] The applicable tax rate is one and one-half percent in this case. It was changed to two percent by subsequent amendment.