PPG INDUSTRIES, INC., APPELLANT, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *PPG Industries, Inc. v. Tracy* (1996), 74 Ohio St.3d 449.]

(No. 94–2656—Submitted October 12, 1995—Decided February 7, 1996.)

*Jones, Day, Reavis & Pogue, Todd S. Swatsler, Maryann B. Gall* and *Jeffrey S. Sutton,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Janyce C. Katz,* Assistant Attorney General, for appellee.

---

*Per Curiam.* PPG claims that this use-tax assessment violates the federal Commerce Clause because it does not satisfy two prongs of *Complete Auto Transit, Inc. v. Brady, supra*—the substantial-nexus and fair-apportionment prongs. We find no such violations and affirm the BTA's decision.

In dormant Commerce Clause cases, according to *Norandex, Inc. v. Limbach* (1994), 69 Ohio St.3d 26, 630 N.E.2d 329, we first find a taxable event in Ohio and then apply the *Complete Auto Transit* test.

In determining whether a taxable event occurred in Ohio, R.C. 5741.02(A) levies "an excise tax * * * on the storage, use, or other consumption in this state of tangible personal property or the benefit realized in this state of any service provided." R.C. 5741.01(C) defines "use" as "the exercise of any right or power incidental to the ownership of the thing used."

We agree with the BTA that PPG exercised rights or powers incidental to the ownership of these pace cars in Ohio. Ten percent of the pace cars' actual track time occurred in Ohio, and PPG stored and staged the vehicles in Ohio. Staging included preparing the vehicles for transport to race sites. PPG also exhibited the cars for customers in Ohio. All these activities are "uses" of the vehicles in Ohio.

In applying the *Complete Auto Transit* test, we also find that these taxed activities had sufficient nexus to Ohio. These cited activities had a significant connection to Ohio. PPG operated the pace cars ten percent of the time in Ohio, inspected and prepared them for transport in Ohio, and stored them for significant times in Ohio. This is " 'nexus' aplenty." See *D.H. Holmes Co. v. McNamara* (1988), 486 U.S. 24, 32–33, 108 S.Ct. 1619, 1624, 100 L.Ed.2d 21, 28–29.

PPG next argues that, under the Commerce Clause, Ohio must apportion its use tax on property principally used in other states to reflect only the in-state use of the property. It claims, under *Goldberg v. Sweet* (1989), 488 U.S. 252, 109 S.Ct. 582, 102 L.Ed.2d 607, that Ohio's credit for sales or use taxes paid to other

states does not satisfy the external consistency requirement of the Commerce Clause.

However, in *Quotron Systems, Inc. v. Limbach* (1992), 62 Ohio St.3d 447, 584 N.E.2d 658, we held that Ohio's use tax does satisfy the fair-apportionment criterion because of this credit. "Under *Goldberg*, this credit provision avoids actual multiple taxation, and, thus, the tax does not threaten interstate commerce." *Id* at 450, 584 N.E.2d at 660.

This conclusion agrees with *D.H. Holmes Co. v. McNamara, supra* ("The Louisiana taxing scheme is fairly apportioned, for it provides a credit against its use tax for sales taxes that have been paid in other States." *Id.* at 31, 108 S.Ct. at 1623, 100 L.Ed.2d at 28), and *Oklahoma Tax Comm. v. Jefferson Lines, Inc.* (1995), 514 U.S. ——, ——, 115 S.Ct. 1331, 1342, 131 L.Ed.2d 261, 277, fn. 6. In *Jefferson Lines,* the court noted that discrete-event taxes containing credits for a similar tax paid to another state satisfy the fair-apportionment criterion. *Id.* at —— ——, 115 S.Ct. at 1342–1343, 131 L.Ed.2d at 277–278. Indeed, the commissioner here credited the use tax on several assessed purchases because PPG paid a sales tax to Michigan. See, also, *Frank W. Whitcomb Constr. Corp. v. Commr.* (1984), 144 Vt. 466, 479 A.2d 164, and *Ex parte Fleming Foods of Alabama, Inc. v. Dept. of Revenue* (Ala.1994), 648 So.2d 577.

Finally, PPG contends that Sections 1983 and 1988, Title 42, U.S.Code, entitle it to attorney fees because the commissioner deprived it of its constitutional rights. Since PPG did not prove a violation of the Commerce Clause, this argument fails. Moreover, in *Natl. Private Truck Council, Inc. v. Oklahoma Tax Comm.* (1995), 515 U.S. ——, 115 S.Ct. 2351, 132 L.Ed.2d 509, the United States Supreme Court held that these code sections provide no basis for relief if the state has an adequate remedy at law. Since Ohio provides an appellate procedure to determine these constitutional claims, PPG does not receive attorney fees.

Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents.