[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15081
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
05-00345-CV-F-S & 03-12288-WRS

In Re:  CULVERHOUSE, INC.,
d.b.a. Alabama Trucking,

Debtor.

_____

CULVERHOUSE, INC.,

Plaintiff-Appellee,

versus

ALABAMA DEPARTMENT OF REVENUE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(January 18, 2007)**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

The sole issue in this bankruptcy appeal is whether Alabama's motor vehicle excise tax applies to vehicles that an Alabama company exerts control over but which are located and first used in another state. It is an issue of Alabama law. In Fleming Foods of Alabama, Inc. v. Department of Revenue, 648 So. 2d 577 (Ala. 1994), the Alabama Supreme Court stated that: "a use tax is not a tax on revenues generated from carrying on interstate business . . . but is an excise tax imposed upon the privilege of storing, using, or otherwise consuming tangible personal property purchased at retail outside the state and domiciled in the state." Id. at 579 (emphasis added). Given the plain meaning of those words, we agree with the district court that the tax is not applicable to the vehicles at issue in this case. The arguments of the Department of Revenue to the contrary are adequately answered in the district court's thorough and well-reasoned memorandum opinion and order. Culverhouse, Inc. v. Ala. Dep't of Revenue (In re Culverhouse, Inc.), ___ F. Supp. 2d ___, 2006 WL 2456275 (M.D. Ala. Aug. 22, 2006).

**AFFIRMED.**