STATE OF NEVADA, DEPARTMENT OF TAXATION, APPELLANT, v. VISUAL COMMUNICATIONS, INC., A NEVADA CORPORATION DBA PHOTOFINISH, RESPONDENT.

No. 22006

September 3, 1992                    836 P.2d 1245

*Frankie Sue Del Papa,* Attorney General, and *John S. Bartlett,* Deputy Attorney General, Carson City, for Appellant.

*Gordon & Silver,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The district court reversed a sales tax assessment which was levied by appellant against respondent and subsequently upheld by both an administrative hearing officer and the Nevada Tax Commission. The district court also awarded costs of suit to respondent. On appeal, appellant contends that the district court erred both in reversing the assessment and in awarding costs of suit. We hold that the district court did not err.

### THE FACTS

Respondent, Visual Communications, Inc. ("Visual"), is a commercial photography business engaged in staging, setting up and creating photographic layouts, and finishing and selling prints. Visual primarily serves commercial clients such as casinos, real estate firms and land developers.

After producing photographs for a client, Visual submits to the client an invoice containing two separately listed charges. One charge is for printing and developing the photographs; the other is an hourly charge for the photographer's labor, which includes creativity, visualization, client consultation, set-up and supervision. Visual computes and collects sales tax for the former charge but not for the latter charge.

According to appellant Department of Taxation ("the Department"), if a photograph is sold to the client, then the charge for the photographer's labor is to be taxed in conjunction with the charge for printing and developing. If no photograph is sold to the client, the photographer's labor charge is not subject to sales tax. As a result of Visual's failure to collect and pay sales tax on its

photographers' labor charges when selling photographs to clients, the Department assessed a sales tax deficiency of $26,135.70 against Visual. Visual contested the assessment, contending that charges for a photographer's labor are not subject to sales tax.

After an audit hearing, an administrative hearing officer upheld the tax assessment. The Nevada Tax Commission subsequently affirmed the hearing officer's decision. Visual then filed a petition for judicial review. On December 17, 1990, the district court entered a decision in favor of Visual, concluding that the Department could not impose sales tax on a photographer's labor.

On December 18, 1990, Visual filed and served a notice of entry of decision. On January 16, 1991, the Department filed a timely notice of appeal and, on February 28, 1991, the district court granted the Department's motion for a stay of the decision pending appeal.

On March 12, 1991, Visual filed its initial memorandum of costs and disbursements. The Department moved to retax these costs, arguing that Visual's memorandum had not been timely filed. *See* NRS 18.110(1). The district court refused either to award Visual its costs or to grant the Department's motion to retax, concluding that the decision entered on December 17, 1990, was not a final judgment. On April 4, 1991, the district court entered what it considered the "final judgment."

On April 9, 1991, Visual filed both a notice of entry of judgment and a second memorandum of costs and disbursements. The Department again moved to have the costs denied. On May 6, 1991, the district court, again ruling that the decision of December 17, 1990, was not a final judgment, awarded Visual its costs but stayed execution pending appeal.

## DISCUSSION

### I.  *Sales Tax*

Both parties agree that the photographs taken by Visual are subject to sales tax when sold. The measure of the sales tax, however, is in dispute here.

The parties differ in their interpretations of relevant statutes and regulations. The Department relies upon NRS 372.105, NRS 372.060 and NAC 372.380. Pursuant to NRS 372.105, sales tax is imposed on the gross receipts of any retailer from the sale of all tangible personal property sold retail in Nevada. Under NRS 372.060(3)(e), a "sale" includes "[a] transfer for a consideration of the title or possession of tangible personal property which has been produced, fabricated or printed to the special order of the customer, or of any publication." According to NAC 372.380,

"producing," "fabricating" and "processing," as used in NRS 372.060, include "any operation which results in the creation or production of tangible personal property or which is a step in a process or series of operations resulting in the creation or production of tangible personal property." The Department contends that the sales tax must include Visual's charges for a photographer's professional labor because this labor—creativity, visualization, consultation with the client, set-up and supervision—is an essential step in the process of creating or producing tangible personal property (a photograph), which is the ultimate object of the transactions between Visual and its clients.

Visual emphasizes NAC 372.330, the administrative regulation specifically addressed to photographers. NAC 372.330(1) provides:

> 1. The tax applies to sales of photographs and machine made copies, whether or not they are produced to the special order of the customer, and to charges for making photographs of machine made copies out of materials furnished by the customer. No deduction is allowable for such expenses of a photographer as travel time, rental of equipment, or salaries or wages paid to assistants or models, whether or not such expenses are itemized in billings to customers.

Visual correctly observes that this regulation is silent on the question of whether a photographer's time spent visualizing, creating and preparing a photo shoot is subject to sales tax. Visual also correctly points out that NAC 372.330 differs from similar provisions in the Nevada Administrative Code which expressly impose a tax upon a professional's labor. For example, NAC 372.130(2), pertaining to advertising agencies, artists and designers, states the following:

> 2. Commercial artists or any other persons or firms engaged in the creation or production of drawings, paintings, designs, photographs or other art work are the retailers of the tangible personal property which they sell to advertising agencies for use by the agencies in the renditions of their services. The tax applies to the gross receipts from the furnishing of drawings, paintings, designs, photographs, lettering, assemblies or other art work used for reproduction as well as display purposes. *The tax does not apply to the receipts from services such as rough or comprehensive visualizations, retouching, production, supervision, consultations and research.*

(Emphasis added.) Like a photographer's labor, the services of an advertising agency, artist and designer are directed toward creat-

ing and producing tangible personal property. Yet, the Department seeks to tax one but not the other.

The taxing statutes and regulations relevant here are conflicting and inconsistent. The statutes and regulations cited by the Department appear to subject a photographer's labor to the sales tax; the regulation cited by Visual appears to exempt the labor from the tax. In Cashman Photo v. Nevada Gaming Comm'n, 91 Nev. 424, 538 P.2d 158 (1975), we held: "Taxing statutes when of doubtful validity or effect must be construed in favor of the taxpayers. A tax statute particularly must say what it means. We will not extend a tax statute by implication." *Id.* at 428, 538 P.2d at 160 (citation omitted). Because this conflict and inconsistency inject uncertainty and doubt into this area of tax law, *Cashman Photo* requires that we construe the taxing statutes and regulations in favor of Visual.

## II. *Costs*

NRS 18.110(1) requires the party "in whose favor judgment is rendered" to serve a copy of his costs upon the adverse party "within 5 days after the entry of judgment, or such further time as the court or judge may grant." The Department contends that the district court erred in awarding costs of suit to Visual. According to the Department, the decision of December 17, 1990, constitutes a final judgment and Visual did not file its initial cost memorandum until March 12, 1991—some eighty days after the district court entered its decision. We disagree. The district court twice ruled that the decision of December 17, 1990, was not a final judgment, and we perceive no reason to differ. Moreover, we agree with the district court's conclusion that the decision of April 4, 1991, was the final judgment. Thus, Visual's cost memorandum, filed five days later on April 9, 1991, was timely, and the award of costs was not error.

## CONCLUSION

Because this area of tax law is plagued by uncertainty and inconsistency, we conclude that the statutes and regulations must be construed in favor of the taxpayer, Visual, and against the Department. Therefore, we hold that Visual's charges for its photographer's professional labor are not subject to Nevada sales tax. On the issue of costs, we conclude that the district court did not err in awarding them to Visual.

For the reasons given above, the judgment of the district court is affirmed.