STATE OF NEVADA TAX COMMISSION, EX REL. NEVADA DEPARTMENT OF TAXATION, APPELLANT, *v.* AMERICAN HOME SHIELD OF NEVADA, INC., RESPONDENT.

No. 55470

July 7, 2011                                             254 P.3d 601

[Rehearing denied November 2, 2011]

*Catherine Cortez Masto*, Attorney General, and *Deonne E. Contine*, Deputy Attorney General, Carson City, for Appellant.

*Greenberg Traurig, LLP*, and *Kara B. Hendricks, Philip M. Hymanson*, and *Puneet K. Garg*, Las Vegas, for Respondent.

Before the Court EN BANC.

## OPINION

By the Court, GIBBONS, J.:

This opinion primarily addresses the law that governs when a Nevada taxpayer claims a refund from the Nevada Department of Taxation for amounts erroneously paid as insurance premium taxes. Respondent American Home Shield of Nevada, Inc. (AHS), provides both home protection insurance and home service contracts,[1] also known as service warranties, to Nevada residents. In 2006, AHS sought a refund on insurance premium taxes it had erroneously paid on service contracts, between 2003 and 2006, which are exempt from taxation under NRS 690C.110. The Department granted AHS a refund for 2005 and 2006, but it denied AHS a re-

---

[1]A "service contract," or service warranty, obligates a provider "to repair, replace or perform maintenance on, or indemnify or reimburse the holder for the costs of repairing, replacing or performing maintenance on, goods that are described in the service contract and which have an operational or structural failure as a result of a defect in materials, workmanship or normal wear and tear." NRS 690C.080(1).

fund for 2003 and 2004 based on the one-year limitations period set forth in NRS 680B.120, which governs the refund of overpayments of insurance premium taxes. The Department also denied AHS interest based on NRS 680B.120. The Nevada Tax Commission upheld the Department's decision, and AHS petitioned the district court for judicial review.

The district court granted AHS's petition and concluded that the Commission's decision was erroneous because (1) the mistaken payments were never originally required to be paid under NRS Chapter 690C, which governs service contracts, and thus, the NRS 680B.120 limitations period did not apply; (2) the application of NRS 680B.120 violated the Taxpayers' Bill of Rights, NRS 360.291; (3) *Humboldt County v. Lander County*, 24 Nev. 461, 56 P. 228 (1899), obligated the Department to refund the taxes; and (4) NRS 360.2935 entitled AHS to interest. The Department now appeals the order granting judicial review.

We first address whether NRS 680B.120 applies to AHS's refund request. Because we determine that NRS 680B.120 applies to any and all overpayments of insurance premium taxes, regardless of whether they were made in error or on exempt services, we conclude that the Department did not legally err or abuse its discretion when it determined that AHS's refund requests for taxes paid in 2003 and 2004 were barred by NRS 680B.120's one-year limitation period. We also conclude that the district court's reliance on *Humboldt County* in determining that AHS was entitled to a refund of all of its erroneous tax payments was misplaced. Finally, because NRS 680B.120 is the applicable statute governing AHS's refund request and it does not provide for interest, we hold that the district court erred by determining that AHS was entitled to interest on its refunds. Accordingly, we reverse the district court's order granting the petition for judicial review.

## FACTS AND PROCEDURAL HISTORY

AHS exclusively provided home insurance prior to 2003, on which it paid taxes pursuant to NRS Chapter 680B. In 2003, AHS began also providing service contracts, after the Legislature enacted NRS Chapter 690C allowing it to do so. Although taxes are not imposed on service contracts under NRS Chapter 690C, AHS mistakenly failed to distinguish between its insurance premiums and service contracts, which resulted in it making erroneous tax payments to the Department for its service contracts, as if they were insurance premiums.

After realizing its mistake, in 2006, AHS sent a letter to the Department requesting a refund for the overpayment of taxes from 2003 through 2006. The Department granted a refund for 2005 and 2006, but denied a refund for 2003 and 2004 based on NRS 680B.120's one-year limitation period. AHS appealed to the Tax Commission.

The Commission denied AHS's appeal of the Department's decision. It concluded that NRS 680B.120(1) barred AHS's request for a refund of the 2003 and 2004 taxes it had mistakenly paid because the 2006 request was not made within one year of the date NRS Chapter 680B taxes were originally required to be paid. The Commission also concluded that NRS 680B.120 specifically governs insurance premium tax refunds and does not provide for interest on those refunds; therefore, AHS was not entitled to interest on its partial refund. AHS petitioned the district court for judicial review.

The district court granted AHS's petition for judicial review and issued findings of fact and conclusions of law. The district court concluded that NRS 680B.120 did not apply to this matter because the amounts paid for the service contracts were not imposed under NRS Chapter 680B, and thus, AHS was not seeking a refund for an overpayment of insurance tax premiums. The court reasoned that even if NRS 680B.120 applied, the limitations period started to run only after the date any taxes were originally required to be paid, and since the taxes were not required to be paid, the limitations period never began.

The district court further concluded that the Taxpayers' Bill of Rights required construing the statutes in AHS's favor, and that application of NRS 680B.120 violated the Taxpayers' Bill of Rights because it involved the application of a specific insurance statute to a line of business specifically excluded from insurance taxation under NRS 690C.110.

The district court also concluded that the Department had an affirmative duty to reimburse AHS because it was never obligated to pay taxes for its service contracts. The district court relied on *Humboldt County v. Lander County*, 24 Nev. 461, 56 P. 228 (1899), for the proposition that an entity like the Department had a duty to refund taxes that it was not entitled to collect. And similarly, because there was no authority to assess, collect, or retain taxes upon AHS's issuance of service contracts, the district court concluded that those erroneously paid amounts were recoverable.

Finally, the district court concluded that AHS was entitled to interest on all of the erroneous tax payments because the general tax statute, NRS 360.2935, granted a right to interest on any refund. The Department appealed.

## DISCUSSION

### I. *Standard of review*

This case requires the review of an agency decision interpreting a Nevada statute. In a role identical to the district court's role, this court reviews an administrative decision to determine if the "agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion," or if it was otherwise affected by

prejudicial legal error. *Campbell v. State, Dep't of Taxation*, 109 Nev. 512, 515, 853 P.2d 717, 719 (1993); NRS 233B.135(3). Statutory construction is a question of law reviewed de novo. *State, Dep't of Taxation v. DaimlerChrysler*, 121 Nev. 541, 543, 119 P.3d 135, 136 (2005). Unambiguous statutory language is given "its ordinary meaning unless it is clear that this meaning was not intended." *Id.* Tax statutes must explicitly communicate their meaning and are not extended by implication. *State, Dept. of Taxation v. Visual Comm.*, 108 Nev. 721, 725, 836 P.2d 1245, 1247 (1992). Conflict and inconsistency among tax statutes will be construed to reduce uncertainty and doubt. *Id.*

II. *NRS 680B.120 bars the refund requests for taxes paid in 2003 and 2004*

The Department asserts that even though NRS 680B.120 allows refunds for erroneous insurance premium tax payments and AHS made erroneous tax payments in 2003 and 2004, AHS is barred from claiming refunds for those years by that statute's one-year limitation period. We agree.

NRS Chapter 680B governs fees and taxes for insurance. NRS 680B.120 is entitled "Refund of overpayments," and subsection 1 of that statute provides that "[a]ny person from whom fees, charges or taxes imposed by this Code have been erroneously collected may apply for refund at any time within 1 year after the date such fees, charges or taxes were originally required to be paid . . . ." Although AHS contends that NRS 680B.120 does not apply to its payments made on exempt service contracts because it governs only "taxes imposed" that are "originally required to be paid," we reject such a hypertechnical interpretation of the statute.

Statutes must be construed as a whole, and phrases may not be read in isolation to defeat the purpose behind the statute. *See Southern Nev. Homebuilders v. Clark County*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005); *Backhus v. Transit Cas. Co.*, 549 So. 2d 283, 291 (La. 1989) (noting that hypertechnical interpretations of a statute should be rejected when its plain language leads to a reasonable interpretation consistent with legislative intent). NRS 680.120(1) clearly governs all requests for refunds of taxes mistakenly paid and collected under the Nevada Insurance Code, regardless of reason for overpayment. Indeed, its very title indicates that it covers all "refunds of overpayments," which certainly includes the erroneous payment of taxes on exempt services. *See Nevada Power Co. v. Haggerty*, 115 Nev. 353, 366, 989 P.2d 870, 878 (1999) (noting that a statute's title can reflect legislative intent). In the context of the federal tax code, the United States

Supreme Court has long refused to limit refund statutes based on unrealistically narrow interpretations of the term "overpayment," explaining that an "overpayment" for which a refund may be sought is "any payment in excess of that which is properly due," whether "[s]uch an excess payment [is] traced to an error in mathematics or in judgment or in interpretation of facts or law." *Jones v. Liberty Glass Co.*, 332 U.S. 524, 531 (1947), *quoted in United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 259 (2002). An error resulting in overpayment "may be committed by the taxpayer or by the revenue agents," but "[w]hatever the reason, the payment of more than is rightfully due is what characterizes an overpayment." *Jones*, 332 U.S. at 531. Relying on *Jones*, federal courts flatly reject the notion that erroneous payments are not "overpayments" if the tax was not actually "imposed" on the activity for which the payment was made. *See, e.g., Krieger v. United States*, 539 F.2d 317, 320 (3d Cir. 1976).[2] Thus, in accordance with the ordinary meaning of the statute, we conclude that NRS 680B.120 applies to any and all overpayments of insurance premium taxes, regardless of whether they were made on exempt services.

Recovering erroneously paid taxes requires following statutory procedure if such procedure exists. *Washoe County v. Golden Road Motor Inn*, 105 Nev. 402, 404, 777 P.2d 358, 359 (1989). Doing so promotes predictability and reduces uncertainty by directing taxpayers to seek a refund under the refund statute applicable to the tax that was erroneously paid. *See Visual Comm.*, 108 Nev. at 725, 836 P.2d at 1247; *Golden Road*, 105 Nev. at 404, 777 P.2d at 359. Here, a statutory procedure for refunding insurance premium tax overpayments exists, and AHS calculated, reported, and made overpayments of the insurance premium tax under NRS 680B.027. As such, NRS 680B.120 applies to AHS's refund claims. And because AHS made its refund request in 2006, it is barred under NRS 680B.120(1)'s one-year limitation period from seeking a refund for its overpayments made in 2003 and 2004.[3]

III. *The district court erred by relying on Humboldt County*

We next address the district court's conclusion that *Humboldt County* obligated the Department to grant AHS's refund for all of

[2]The Department also demonstrates that other jurisdictions interpret their refund statutes to include taxes erroneously paid on exempt transactions. *See Walden v. University of Tampa, Incorporated*, 304 So. 2d 134, 135 (Fla. Dist. Ct. App. 1974); *Snake River Mutual Fire Insurance Co. v. Neill*, 336 P.2d 107, 108 (Idaho 1959); *May Dept. Stores Co. v. City of Pittsburgh*, 376 A.2d 309, 312 (Pa. Commw. Ct. 1977).

[3]Consequently, because NRS 680B.120 governs AHS's refund request, we also hold that the district court erred in concluding that the Department violated the Taxpayers' Bill of Rights by applying NRS 680B.120 to bar AHS's refund requests made outside of the one-year limitation period.

the erroneous payments. The Department argues that the district court erred by relying on *Humboldt County* to impose a duty on the Department to refund all of AHS's erroneous tax payments. We agree.

*Humboldt County* is inapplicable to this case because it involved an equitable claim of restitution between counties, whereas here we have a tax claim and a statutory scheme. *See Humboldt Co.*, 24 Nev. at 473-76, 56 P. at 230-31; *Golden Road*, 105 Nev. at 404, 777 P.2d at 359 (stating that an existing statutory procedure for the recovery of a benefit must be followed). Although *Humboldt County* stands for the proposition that a taxpayer may seek equitable relief in some circumstances, it has no application here and is limited to its unique factual circumstances. More importantly, because NRS 680B.120 applies to AHS's refund request, this procedure must be followed before AHS can resort to any equitable claim of restitution. We hold that the district court erred by relying on *Humboldt County* to obligate the Department to refund AHS's erroneous payments.

IV. *NRS 680B.120 does not allow the Department to grant interest*

The Department argues that the district court erred by granting interest to AHS for its tax refunds for 2005 and 2006 because NRS 680B.120, the specific provision governing overpayment of insurance premium taxes, does not provide for interest; NRS 360.2935, which does provide for interest, is plainly inapplicable; and NRS 680B.120 does not incorporate NRS 360.2935. We agree.

A specific statute controls over a general statute. *Nevada Power Co. v. Haggerty*, 115 Nev. 353, 364, 989 P.2d 870, 877 (1999). NRS 680B.120 does not provide for interest on refunds for the overpayment of taxes paid. NRS 360.2935 provides that ''[e]xcept as otherwise provided in [Title 32 of the NRS—Revenue and Taxation], a taxpayer is entitled to receive on any overpayment of taxes, after the offset required by NRS 360.320 has been made, a refund together with interest.'' Under this statute, the district court granted interest to AHS, concluding that there were no caveats or exceptions to NRS 360.2935, which ''simply declares that taxpayers are entitled to interest upon the overpayment of taxes to the State.''

The Department argues that because NRS 680B.120 specifically governs AHS's refund claim and the general statute of NRS 360.2935 applies to revenue and taxation, not insurance overpayments, no interest is due. The Department also points out that NRS 360.2935 is contained in Title 32, which governs revenue and tax-

ation, while NRS Chapters 680B and 690C are found in Title 57, the Nevada Insurance Code. The Department contends that application of NRS 360.2935 would render NRS 680B.120, as well as other statutes providing for refunds for overpayments, meaningless.[4] Finally, the Department notes that the Legislature has repeatedly narrowed the language of NRS 360.2935 since its original passage in 1991[5] and has specifically included reference to taxes paid in NRS Chapter 680B in some NRS Chapter 360 provisions.[6] Because NRS 680B.120 is the specific statute governing AHS's refund claim for payments erroneously made under NRS 680B.027, we conclude that NRS 360.2935 does not permit interest for payments erroneously made under NRS 680B.027.[7]

Because we conclude that NRS 680B.120 applies to insurance premium refund requests and NRS 680B.120 does not provide for interest, AHS was not entitled to interest on its refunds for 2005 and 2006. *DaimlerChrysler*, 121 Nev. at 548; 119 P.3d at 139 (stating that subject matter omitted from a statute is deemed intentional). We hold that the district court erred by concluding that AHS was entitled to interest on its refunds for taxes erroneously paid under NRS 680B.027.

Accordingly, as the Tax Commission did not err in denying refunds for 2003 and 2004 and interest on the insurance premium overpayments, the district court's order granting AHS's petition for judicial review is reversed.

Douglas, C.J., and Cherry, Saitta, Pickering, Hardesty, and Parraguirre, JJ., concur.

---

[4]*See* NRS 363B.150(1)(a) (three-year limitation for modified business tax); NRS 366.650(1) (one-year limitation for special fuel tax refund); NRS 372.635(1) (three-year limitation on refund for sales and use tax).

[5]*See* 1991 Nev. Stat., ch. 508, § 8, at 1581; 1999 Nev. Stat., ch. 484, § 6, at 2483; 2001 Nev. Stat., ch. 331, § 3, at 1540; 2003 Nev. Stat. 20th Special Sess., ch. 5, § 110, at 158.

[6]*Compare* NRS 360.297 (referencing NRS Chapter 680B), *and* NRS 360.300 (same), *with* NRS 360.2935, *and* NRS 360.2937 (omitting NRS Chapter 680B from list of chapters for which a particular interest rate, different from that under NRS 360.2935, must be paid on overpayments).

[7]AHS also argues that NRS 680B.060 read together with NRS 360.2935 entitles it to interest. NRS 680B.060(2) provides that if the insurance premium tax "is not paid by the insurer on or before the date required for payment, the tax then becomes delinquent, and payment thereof may be enforced by court action . . . by the Attorney General," in which "[t]he administrative and substantive enforcement provisions of chapters 360 and 372 of NRS apply to the enforcement of taxes imposed under NRS 680B.027." As the Department points out, NRS 360.2935 is not contained within either the administration section or enforcement section of NRS Chapter 360. We conclude that NRS 680B.060 and NRS 360.2935 do not together confer a right to interest on payments erroneously made under NRS 680B.027.