An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HANDICAB, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
NEVADA TRANSPORTATION
AUTHORITY; NEVADA TAXICAB
AUTHORITY; WESTERN CAB
COMPANY, INC.; WHITTLESEA
BLUE/HENDERSON TAXI; YELLOW
CHECKER STAR CAB CO.; ACE CAB,
INC.; UNION CAB COMPANY; A NLV
CAB CO.; VEGAS WESTERN CAB
COMPANY; AND VIRGIN VALLEY CAB
COMPANY, INC.,
Respondents.

No. 59624

**FILED**

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in an administrative law matter. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant HandiCab, LLC (HandiCab), applied to operate a taxicab company in Clark County, Nevada, with respondent Nevada Taxicab Authority (Taxicab Authority). It wanted to provide disabled riders with better service and alleged that an unmet need for taxicabs existed in Clark County's disabled community. HandiCab requested 40 medallions to place on handicapped-equipped vehicles. These medallions could be used to transport any kind of rider, not just handicapped persons. HandiCab estimated that only 10 to 30 percent of its riders would be disabled. A number of existing cab companies intervened in HandiCab's application process.

13-21722

The parties conducted discovery, which was contested by the intervenors on the basis that HandiCab's requests were vague and overly broad. The Taxicab Authority agreed. Before the scheduled hearing date, and after the close of discovery, two of the intervenors brought motions for summary judgment, arguing that no genuine issue of material fact existed because HandiCab had only submitted evidence pertaining to the disabled population when it was actually requesting medallions to serve everyone in the Las Vegas area. Following oral argument, the Taxicab Authority granted both motions for summary judgment, resulting in the denial of HandiCab's application. HandiCab appealed the decision to respondent Nevada Transportation Authority (NTA), which affirmed the Taxicab Authority's decision. The district court denied HandiCab's petition for judicial review. HandiCab now appeals.

HandiCab challenges the Taxicab Authority's denial of its application to operate a taxicab company. We review the order denying HandiCab's petition for judicial review "in the same manner as the district court: 'for clear error or abuse of discretion.'" *UMC Physicians' Bargaining Unit v. Nevada Serv. Emp. Union*, 124 Nev. 84, 88, 178 P.3d 709, 712 (2008) (footnote omitted) (quoting *Grover C. Dils Med. Ctr. v. Menditto*, 121 Nev. 278, 283, 112 P.3d 1093, 1097 (2005)). "We will defer to an administrative body's interpretations of its governing statutes or regulations only if the interpretation is within the language of the statute." *Id.* at 89, 178 P.3d at 712. We review the agency's decision to determine whether it was arbitrary or capricious, and thus, based on an abuse of discretion. NRS 233B.135(3)(f); *State Tax Comm'n v. Am. Home Shield of Nevada, Inc.*, 127 Nev. ___, ___, 254 P.3d 601, 603 (2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

*The Taxicab Authority's interpretation of NRS 706.8827 was sound and its conclusion that HandiCab failed to carry its evidentiary burden was not arbitrary, capricious, or an abuse of discretion*

Before a certificate of public convenience and necessity may issue, the Taxicab Authority must consider five factors under NRS 706.8827(2): (a) the applicant's fitness, (b) legislative policy, (c) the impact on existing cab companies, (d) whether existing taxi companies will not meet the needs of the territory, and (e) benefit to the public and taxicab business in the territory. The Taxicab Authority concluded that HandiCab did not establish any genuine issues of material fact regarding whether a need existed for 40 new medallions that the current certificate holders would not meet as required under factors (b) and (d). Under NRS 706.8827(2)(b), the applicant must show that "[t]he proposed operation will be consistent with the legislative policies set forth in NRS 706.151." NRS 706.151 directs the Taxicab Authority to "provide for fair and impartial regulation," promote safety and economical service, and to "discourage any practices which would tend to increase or create competition that may be detrimental to the traveling and shipping public or the motor carrier business . . . ." NRS 706.151(1). NRS 706.8827(2)(d) provides that the applicant must show "[t]he holders of existing certificates will not meet the needs of the territory for which the certificate is sought if the certificate is not granted."

We conclude that the Taxicab Authority's interpretation of NRS 706.8827 was sound. With respect to NRS 706.8827(2)(b), the Taxicab Authority balanced the entry of a new market participant with the financial viability of current competitors and the needs of the public. Due to the economic downturn, the Taxicab Authority concluded that 40 additional medallions would be inconsistent with NRS 706.151. This

conclusion was within its statutory directive and discretion, and supported by substantial evidence. *See* NRS 706.8827(2)(b); NRS 705.151(1).

NRS 706.8827(2)(d) refers to "territory" generally, not a particular portion of the population. HandiCab encouraged the Taxicab Authority to read the phrase "will not" as "have not;" however, this reading is not consistent with the language of the statute. Further, HandiCab argues that it was seeking restricted, handicapped medallions; however, the only restriction on these medallions is the type of vehicle that can be used, not the type of passengers that can be picked up. Finally, the Taxicab Authority did not act in an arbitrary or capricious manner when it concluded that HandiCab failed to show the existence of genuine issues of material fact regarding (1) whether need existed for 40 new handicapped-equipped vehicles that could pick up and drop off anyone, anytime, anywhere, and (2) whether existing certificate holders will not meet that need.

*The Taxicab Authority's grant of summary judgment was not in excess of its constitutional or statutory authority*

HandiCab argues that the Taxicab Authority should not have granted the intervenors' motions for summary judgment without holding a full hearing. We disagree. NRS 233B.121(1) provides that in a contested case, all parties must be afforded an opportunity for hearing after reasonable notice. The parties must have the opportunity to respond and present evidence and argument on all issues involved. NRS 233B.121(4). HandiCab did not object to the filing of dispositive motions during the pre-hearing conference and, in fact, agreed to their deadlines. HandiCab submitted its pre-filed testimony, received notice of the motions for summary judgment, provided briefing in response, and submitted oral argument at the Taxicab Authority hearing. Therefore, we conclude that

the Taxicab Authority's grant of summary judgment was within its constitutional and statutory authority. *See* NRS 233B.135(3)(a).

*The Taxicab Authority's conclusion that HandiCab's discovery request was overbroad was neither arbitrary nor capricious*

HandiCab argues that the Taxicab Authority should have allowed it to conduct discovery into all of the intervening cab companies' financial records showing profits and losses, operating expenses, and income for 2003 to 2007. We disagree.

The Taxicab Authority's conclusion that HandiCab's discovery requests were overbroad was within its discretion. The Taxicab Authority also directed HandiCab to review its website, which contains industry-wide reports on profitability of individual cab companies. The language of NRS 706.8827 refers to "existing certificate holders" generally, which could include cab companies that were not intervenors, and the industry-wide statistics provided on the Taxicab Authority's website would be sufficient to make such a showing. Further, the intervenors invited HandiCab to review reports and trip sheets detailing the use of handivans in their office. The Taxicab Authority also encouraged HandiCab to redraft its discovery requests, which was not done. "[T]he legal process due in an administrative forum 'is flexible and calls for such procedural protections as the particular situation demands.'" *Minton v. Bd. of Med. Examiners*, 110 Nev. 1060, 1082, 881 P.2d 1201, 1204 (1982); *see also Dutchess Bus Servs, Inc. v. Bd. of Pharmacy*, 124 Nev. 701, 713, 191 P.3d 1159, 1167 (2008) (providing that the discovery provisions of the Nevada Rules of Civil Procedure do not apply to administrative agencies). Therefore, we conclude the Taxicab Authority's decision to deny HandiCab's overbroad discovery request was neither arbitrary nor capricious. *See* NRS 233B.135(3)(f). As a consequence, the district court

did not clearly err or abuse its discretion in denying HandiCab's petition for judicial review. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Michelle Leavitt, District Judge
E. Paul Richitt, Jr., Settlement Judge
Martin & Allison, Ltd.
Snell & Wilmer, LLP/Las Vegas
Attorney General/Las Vegas
Moran Law Firm, LLC
Mark E. Trafton
Marc C. Gordon
Tamer B. Botros
Eighth Judicial District Court Clerk

---

[1]We have considered the parties' remaining arguments and conclude they are without merit.