THE STATE OF NEVADA DEPARTMENT OF TAXATION,
Appellant, v. MASCO BUILDER CABINET GROUP dba
QUALITY CABINETS OF NEVADA, Respondent.

No. 60342

November 7, 2013

312 P.3d 475

*Catherine Cortez Masto*, Attorney General, and *Blake A. Doerr*, Senior Deputy Attorney General, Carson City, for Appellant.

*Justice Law Center* and *Bret O. Whipple*, Las Vegas, for Respondent.

Before HARDESTY, PARRAGUIRRE and CHERRY, JJ.

## OPINION

By the Court, HARDESTY, J.:

In 2011, this court affirmed a district court order granting respondent Masco Builder Cabinet Group a tax refund for overpaid taxes. Thereafter, appellant State of Nevada Department of Taxation refused to pay interest on Masco's tax refund, arguing that (1) Masco failed to demand interest in its initial refund claim, thus waiving its right to interest; and (2) NRS 372.665 permits the Department to withhold interest on tax refunds owed due to the taxpayer's intentional or careless overpayment, and because no determination as to the applicability of that provision had been made by the Department, no refund is due at this time. We reject both arguments and affirm the district court's order awarding interest.

### FACTS AND PROCEDURAL HISTORY

Masco filed a claim with the Department for a refund of overpaid taxes. The Department denied Masco's claim, and Masco litigated the matter before an administrative law judge (ALJ), who concluded that Masco was entitled to a refund. The Department appealed the decision to the Tax Commission, which reversed the ALJ's decision. Masco then filed a petition for judicial review in the district court, and the district court reversed the Tax Commission's decision, resulting in a refund award. The Department then appealed to this court. In *State, Department of Taxation v. Masco Builder Cabinet Group*, 127 Nev. 730, 265 P.3d 666 (2011), we

affirmed the district court's order concluding that Masco was entitled to a tax refund as initially granted by the ALJ.

According to Masco, after this court's decision it sought the status of the tax refund and interest from the Department. Without a response from the Department, Masco filed a motion in the district court for judgment on the refund. In that motion, Masco also argued that it was entitled to pre- and post-judgment interest pursuant to the general tax statutes of NRS Chapter 360 and the sales and use tax statutes of NRS Chapter 372. The Department opposed Masco's motion, contending that Masco failed to request interest prior to this court's final ruling, thus waiving its right to do so. Additionally, the Department argued that any interest allowed under the tax statutes was limited by the Department's right under NRS 372.665 to deny interest if it determined that an "overpayment [of taxes] has been made intentionally or by reason of carelessness." NRS 372.665. Because the Department had not had an opportunity to determine whether interest was barred by intentional or careless overpayment, the Department asserted that the district court could not award interest at this point.

The district court granted Masco's request for pre- and post-judgment interest, finding that the taxpayer is not required to affirmatively request interest. The district court also found that the Department should have made a determination of whether Masco acted intentionally or carelessly under NRS 372.665 when it was finally determined that Masco was entitled to a refund, and because no such determination was made at that time, Masco was now entitled to interest upon its post-judgment motion request. The Department appeals.

## DISCUSSION

We are asked to determine whether Masco waived its right to seek interest because it failed to demand interest in its initial tax refund claim, and whether NRS 372.665 permits the Department to withhold interest on the tax refund until it determines whether Masco's "overpayment [of taxes] has been made intentionally or by reason of carelessness" under NRS 372.665. Whether and under what circumstances interest is required on a tax refund is a question of law, and this court reviews questions of law de novo. *Schettler v. RalRon Capital Corp.*, 128 Nev. 209, 214, 275 P.3d 933, 936 (2012); *see also Hardy Cos., Inc. v. SNMARK, L.L.C.*, 126 Nev. 528, 533, 245 P.3d 1149, 1153 (2010). We conclude, as a matter of law, that Masco did not waive its right to seek interest and that the interest is due and must be calculated at the time when the amount of the tax refund required to be paid is determined, un-

less the Department determines at that time that interest is barred under NRS 372.665. Therefore, we affirm the district court's order.

*Masco did not waive its right to seek interest by failing to demand interest in its initial refund claim*

The Department argues that Masco did not request interest on its overpayment in its petition for redetermination before the ALJ, and that failure to do so prevented a determination of whether interest was barred under NRS 372.665. Masco contends that it requested interest before the Tax Commission when it specifically requested that the Tax Commission grant Masco's refund "along with statutorily mandated interest." Masco further argues that, regardless, the tax statutes, specifically NRS 360.2937 and 372.660, generally mandate interest on all refunds of overpayments, including the one awarded to Masco.

To determine whether Masco waived its right to interest by failing to demand it in its original refund request, we conduct a statutory analysis of the applicable tax statutes. This court looks to the plain language of a statute when interpreting its meaning and legislative intent. *Allstate Ins. Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009). Statutory language that is unambiguous "is given 'its ordinary meaning unless it is clear that this meaning was not intended.' " *State Tax Comm'n v. Am. Home Shield*, 127 Nev. 382, 386, 254 P.3d 601, 603 (2011) (quoting *Dep't of Taxation v. DaimlerChrysler Servs. N. Am., L.L.C.*, 121 Nev. 541, 543, 119 P.3d 135, 136 (2005)).

Tax statutes must explicitly state their meaning and will not be stretched beyond what is stated. *Id.*; *State, Dep't of Taxation v. Visual Commc'ns, Inc.*, 108 Nev. 721, 725, 836 P.2d 1245, 1247 (1992). "Statutes must be construed as a whole, and phrases may not be read in isolation to defeat the purpose behind the statute." *Am. Home Shield*, 127 Nev. at 386, 254 P.3d at 604; *see also S. Nev. Homebuilders v. Clark Cnty.*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005). "A specific statute controls over a general statute." *Am. Home Shield*, 127 Nev. at 388, 254 P.3d at 605.

Here, construing these unambiguous statutes as a whole, we conclude that NRS 360.2937 and NRS 372.660 grant interest upon the final determination by the Department of overpaid taxes. NRS 360.2937 provides in pertinent part that "[e]xcept as otherwise provided . . . *interest must be paid upon an overpayment of any tax* provided for in . . . [NRS Chapter] 372." (Emphasis added.) Within the NRS Chapter 372 sales and use tax statutes, NRS

372.660 states that ''[e]xcept as otherwise provided in NRS 360.320 or any other specific statute,[1] *interest must be paid upon any overpayment of any amount of tax* at the rate set forth in, and in accordance with the provisions of, NRS 360.2937.'' (Emphasis added.) There is nothing in these statutes requiring Masco to affirmatively request interest on its overpayment before the ALJ or even before the Department. Therefore, we conclude that Masco was not required to make this request, and thus did not waive its right to seek statutory interest by failing to do so before seeking relief in the district court.[2]

*The Department may not withhold interest on tax refunds when it has failed to timely make a determination under NRS 372.665*

NRS 372.665 provides that ''[i]f the Department determines that any overpayment has been made intentionally or by reason of carelessness, it may not allow any interest on it.'' The Department argues that, even if Masco's failure to raise the interest issue administratively did not bar its right to seek interest, the award of interest by the district court was premature under the exhaustion of administrative remedies doctrine. In other words, the Department argues that because it has not yet determined whether an exception to the interest statutes applies under NRS 372.665, the district court lacked authority to award interest. We reject this argument for two reasons.

First, the exhaustion doctrine provides that, before seeking judicial relief, a petitioner must exhaust any and all available administrative remedies, so as to give the administrative agency an opportunity to correct mistakes and perhaps avoid judicial intervention altogether. *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 571-72, 170 P.3d 989, 993-94 (2007). While the exhaustion doctrine applies in this matter because the Department statutorily maintains original jurisdiction in all claims for tax refunds, *see* NRS 372.680 (addressing the administrative process), we have concluded that interest is due on any overpayment with no need to file a separate claim. Thus, Masco fully complied with the doctrine in this case.

Second, NRS 372.665 is silent as to when the Department must make its determination that the overpayment was made intention-

---

[1]NRS 360.320 governs offset calculations and is not relevant here. The only asserted exception is NRS 372.665, which is discussed later in this opinion.

[2]For the same reason—that no ''claim'' is required—the interest is not barred by the doctrine of claim preclusion. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1052, 194 P.3d 709, 711 (2008).

ally or carelessly. Because the statute provides a basis for canceling the Department's obligation to pay statutory interest and the issues of intentional or careless overpayment are inextricably intertwined with the reasons for the claim, we hold that the Department's determination under NRS 372.665 should be made during the administrative review of the taxpayer's claim, and no later than the date that the refund amount is determined. It is at that time that the interest is due under NRS 360.2937 and NRS 372.660 and the full refund amount must be calculated. *See generally* NRS 360.320 (explaining that interest must be computed and used in calculating offsets of certain overpayments).

While NRS 372.665 provides a basis for the Department to avoid paying interest, the burden rests on the Department to timely make the necessary determination under that statute. Here, the Department failed to timely determine whether Masco acted intentionally or carelessly. The Department should have made this determination during the administrative process, at the time that the ALJ was considering the evidence and arguments concerning the claim. Thus, we determine that the district court did not err in awarding Masco statutory interest on its overpayment. With regard to the amount awarded, we decline to consider the Department's argument that the district court applied the wrong rate, because the Department failed to contest the requested rate in the district court. *See In re AMERCO Derivative Litig.*, 127 Nev. 196, 217 n.6, 252 P.3d 681, 697 n.6 (2011) ("[W]e decline to address an issue raised for the first time on appeal."). Accordingly, the judgment of the district court is affirmed.

PARRAGUIRRE and CHERRY, JJ., concur.