**130 Nev., Advance Opinion 15**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HARRAH'S OPERATING COMPANY, INC., Appellant, vs. THE STATE OF NEVADA DEPARTMENT OF TAXATION, Respondent. | No. 61521 |

**FILED**

MAR 2 0 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review in a tax matter. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

*Affirmed in part, reversed in part, and remanded.*

John S. Bartlett, Carson City,
for Appellant.

Catherine Cortez Masto, Attorney General, and David J. Pope, Senior Deputy Attorney General, Carson City,
for Respondent.

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

*OPINION*

By the Court, CHERRY, J.:

In this case, we consider the application of Nevada's use tax to four aircraft purchased out of state and used to transport Harrah's executives and customers to and from its establishments worldwide. In particular, under NRS 372.258, goods purchased outside of Nevada are presumed *not* to be purchased for use in Nevada, and thus not taxable under Nevada's use tax statute, if (1) the first use of the goods occurs

outside Nevada and (2) the goods are continuously used in interstate commerce for 12 months. In this case, we construe the first use requirement to apply to an aircraft's first flight that both originates and terminates outside of Nevada. Additionally, the parties stipulated to the fact that the aircraft at issue were continuously used in interstate commerce. Because two of Harrah's aircraft engaged the presumption of NRS 372.258 and the record does not rebut the presumption, we conclude that the Department of Taxation erred in its interpretation of NRS Chapter 372 and those aircraft are not subject to Nevada's use tax.

## FACTS AND PROCEDURAL HISTORY

The parties stipulated to the following relevant facts. Appellant Harrah's Operating Company, Inc., is a Delaware corporation registered to do business in Nevada. Harrah's purchased four aircraft for the purpose of transporting Harrah's employees and guests to and from its establishments worldwide. Two of the aircraft, N88HE and N168CE, were purchased and delivered to Harrah's in Little Rock, Arkansas. According to their flight logs, those two planes flew to Las Vegas on their first flight. The other two aircraft, N89HE and N89CE, were purchased and delivered to Harrah's in Portland, Oregon, and their first flights thereafter went to Arkansas and California, respectively. The flight logs reveal that passengers were aboard each plane on its first flight and that the planes carried passengers on the majority of all flights. Each of the aircraft consistently flew to and from Nevada while in service. The parties stipulated that the planes have been continuously used ever since in the manner of their initial uses, *i.e.*, in interstate commerce.

Harrah's paid Nevada use tax on each of the aircraft and then requested refunds for the taxes paid, claiming that the aircraft were not purchased for use in Nevada within the meaning of NRS Chapter 372. No

sales or use taxes were paid to any other state. Respondent Nevada Department of Taxation denied the refund requests.

After the Department denied Harrah's refund claims, the matter was referred to the Department's administrative law judge (ALJ). The ALJ affirmed the Department's refund denials. Harrah's appealed to the Nevada Tax Commission, which upheld the ALJ's decision. Harrah's then filed a petition for judicial review, which was denied by the district court. Harrah's appealed.

## DISCUSSION

The dispositive issue in this case is whether, by purchasing the aircraft out of state and later bringing them to Nevada, Harrah's became subject to the use tax imposed by NRS 372.185.[1] Harrah's argues that, because its aircraft purchases fell under a statutory presumption that they were not taxable and because the Department failed to overcome that presumption, taxes were wrongfully imposed and upheld as a matter of law.

Like the district court, we review de novo the legal conclusions of an administrative agency. *State, Dep't of Taxation v. Masco Builder Cabinet Grp.*, 127 Nev. ___, ___, 265 P.3d 666, 669 (2011). "Questions of law, including the administrative construction of statutes, are subject to independent appellate review." *Nev. Tax Comm'n v. Nev. Cement Co.*, 117 Nev. 960, 964, 36 P.3d 418, 420 (2001). Although we normally defer to "an agency's conclusions of law [that] are closely related to its view of the facts," *Fathers & Sons & A Daughter Too v. Transp. Servs. Auth. of Nev.*,

---

[1]NRS Chapter 374 contains identical provisions relating to use taxes levied to support local schools. *See* NRS 374.190; NRS 374.263. Reference herein to NRS Chapter 372 applies equally to the analogous provision in NRS Chapter 374.

124 Nev. 254, 259, 182 P.3d 100, 104 (2008), "[b]ecause this case concerns the construction of a statute, . . . independent review is necessary." *Langman v. Nev. Adm'rs, Inc.*, 114 Nev. 203, 207, 955 P.2d 188, 190 (1998). In addition, tax statutes are to be construed in favor of the taxpayer. *State, Dep't of Taxation v. Visual Commc'ns, Inc.*, 108 Nev. 721, 725, 836 P.2d 1245, 1247 (1992).

*Nevada use tax and the NRS 372.258 presumption*

The Nevada use tax is complementary to the sales tax imposed on retail purchases made in this state. *State, Dep't of Taxation v. Kelly-Ryan, Inc.*, 110 Nev. 276, 280, 871 P.2d 331, 334 (1994). The use tax can be imposed here if Harrah's planes, although delivered out of state and therefore not subject to Nevada's sales tax, were purchased for storage, use, or consumption, and were actually stored, used, or consumed in Nevada. *See id.*; NRS 372.185; *cf. Great Am. Airways v. Nev. State Tax Comm'n*, 101 Nev. 422, 428, 705 P.2d 654, 658 (1985) (upholding constitutionality of Nevada's use tax imposed on the purchase of an airplane used in interstate commerce but kept in Reno).

The Legislature has provided several rebuttable presumptions to assist the fact-finder in determining whether property was purchased for use in Nevada. The presumption at issue in this case is NRS 372.258. NRS 372.258(1) states that property delivered outside of this state for use in interstate commerce is presumed *not* purchased for storage, use, or consumption in this state if certain requirements are met:

> It is presumed that tangible personal property delivered outside this State to a purchaser was not purchased from a retailer for storage, use or other consumption in this State if the property:
>
> (a) Was first used in interstate or foreign commerce outside this State; and

> (b) Is used continuously in *interstate or foreign* commerce, but not exclusively in this State, for at least 12 months after the date that the property was first used pursuant to paragraph (a).

The ALJ found that Harrah's failed to meet the "first used" and "used continuously" requirements of NRS 372.258(1)(a) and (b).

*First use*

In order for the presumption in NRS 372.258 to apply, the purchased property must be "first used in interstate or foreign commerce outside this State." NRS 372.258(1)(a). The statute does not define "used," although courts generally define the term broadly for tax purposes. *See USAir, Inc. v. Ind. Dep't of State Revenue*, 623 N.E.2d 466, 469 (Ind. T.C. 1993). The statute does, however, define "[i]nterstate . . . commerce." NRS 372.258(2)(a). "Interstate . . . commerce" requires the transportation of passengers or property between two or more states and is defined as

> the transportation of passengers or property between:
>
> (1) A point in one state and a point in:
>
> (I) Another state;
>
> (II) A possession or territory of the United States; or
>
> (III) A foreign country; or
>
> (2) Points in the same state when such transportation consists of one or more segments of transportation that immediately follow movement of the property into the state from a point beyond its borders or immediately precede movement of the property from within the state to a point outside its borders.

*Id.*

Here, the ALJ decided that the presumption applied only if Harrah's first interstate commerce use of each aircraft occurred completely outside Nevada, including both the origin and destination of each aircraft's first flight. Furthermore, the ALJ apparently concluded that the first use meant first day of use, because he ruled that one of the planes purchased in Portland, N89CE, which did not fly to Nevada on its first flight but did so later that same day, did not meet the first-use-outside-of-Nevada requirement.

"[W]hen possible, we construe statutes such that no part of the statute is rendered nugatory or turned to mere surplusage." *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418, 132 P.3d 1022, 1028 (2006). The presumption's definition of interstate commerce already contemplates the crossing of state lines. *See* NRS 372.258(2)(a)(1). Yet the presumption states "first used in interstate or foreign commerce *outside* this State." NRS 372.258(1)(a) (emphasis added). Using the statute's definition of interstate commerce, the "first used" provision requires the crossing of state lines *outside* of Nevada. The Legislature's addition of the word "outside" adds a requirement of exclusivity, meaning that the first use in interstate commerce must occur entirely outside the State of Nevada. Because the statute's definition of interstate commerce in subsection 2 allows one point to be within the state, the word "outside" in the subsection 1 requirement becomes surplusage if we do not read it to mean entirely outside Nevada.

We limit, however, the definition of "first used" to the first flight and thereby repudiate the ALJ's temporal requirement. The "use[ ]" of an aircraft is commonly associated with the flight of an aircraft. *Cf. Irwin Indus. Tool Co. v. Ill. Dep't of Revenue*, 938 N.E.2d 459, 467 (Ill. 2010) (interpreting *Director of Revenue v. Superior Aircraft Leasing Co.*,

734 S.W.2d 504 (Mo. 1987), to stand for the proposition that an aircraft's flights are more significant to the "purpose, function, and use" of aircraft, as relevant to use tax statutes, than the time that an aircraft spends on the ground). Nowhere in the statute does it state that the flights or "use[ ]" must be considered on a daily basis, with flights within a single day considered as mere *segments* of a larger *use.* "We will not extend a tax statute by implication," *Visual Commc'ns, Inc.,* 108 Nev. at 725, 836 P.2d at 1247 (quoting *Cashman Photo Concessions & Labs, Inc. v. Nev. Gaming Comm'n,* 91 Nev. 424, 428, 538 P.2d 158, 160 (1975)), and here we will not impose a temporal requirement not contained within the statute.

Having thusly interpreted the statute, we conclude that the aircraft purchased in Little Rock, N88HE and N168CE, were not "first used" in interstate commerce outside Nevada because their first flights terminated in Las Vegas. Accordingly, the presumption of nontaxability does not apply to those two planes. Because property purchased out of state and then brought into Nevada is generally presumed to have been purchased for use in this state, NRS 372.250, and the stipulated facts do not demonstrate otherwise, Harrah's refund of the use taxes paid on the purchases of these planes was properly denied.

Conversely, Harrah's first use in interstate commerce of the aircraft purchased in Portland, N89HE and N89CE, occurred wholly outside the State of Nevada, because one was flown to Little Rock and the other to California. Therefore, the ALJ erred in deciding that N89HE and N89CE were not "first used" in interstate commerce outside Nevada under NRS 372.258(1)(a).

SUPREME COURT
OF
NEVADA

(O) 1947A

*Continuous use*

Having found that the planes purchased in Portland, N89HE and N89CE, were first used in interstate commerce outside of Nevada, we now consider whether their use in interstate commerce was "continuous[ ]" for one year, as required by NRS 372.258(1)(b) to trigger the presumption of nontaxability. Our consideration is made easy by the parties' stipulation that the aircraft have been "continuously so used" in accordance with their initial uses. Thus, having already determined that the first use of both N89HE and N89CE was in interstate commerce, we also conclude that, in accordance with the parties' stipulation, the aircraft have been continuously so used ever since. This continuous use satisfies NRS 372.258(1)(b).

*Rebutting the NRS 372.258 presumption of nontaxability*

Because the aircraft purchased in Portland, N89HE and N89CE, were first used in interstate commerce outside of Nevada and were used continuously in interstate commerce for over 12 months thereafter, we hold that the ALJ erred by not applying the presumption in NRS 372.258. We must now consider whether the Department has successfully rebutted the presumption by presenting other evidence.

We first note that remand to the ALJ is not appropriate here because the parties stipulated to all of the relevant facts, giving this court the power to examine the record itself and make the necessary inferences. *See Sparks Nugget, Inc. v. State, Dep't of Taxation*, 124 Nev. 159, 163, 179 P.3d 570, 573 (2008) ("Because the parties have stipulated to the operative facts . . . the only issue before us involves the interpretation and application of Nevada [law]."). "We are impressed that in our review, we are as well situated as was the district court to make this

determination . . . ." *Commercial Warehouse Co. v. Hyder Bros., Inc.*, 411 P.2d 978, 983 (N.M. 1966) (on second rehearing).

The stipulated facts do not rebut the presumption that Harrah's aircraft were not purchased for use in Nevada. Only the flight logs cast any doubt on the presumed fact, because they show many flights to and from Las Vegas. However, NRS 372.185 does not say that the tax is applied in relation to the amount of time spent in Nevada. *Cf. Great Am. Airways v. Nev. State Tax Comm'n*, 101 Nev. 422, 427, 705 P.2d 654, 657 (1985) (rejecting appellant's "argument that Nevada should apportion its use tax based upon the amount of miles flown in Nevada or hours spent in Nevada"). Rather, the distinction created by the statutory scheme is between goods purchased "for . . . use" in Nevada, NRS 372.185(1), and those purchased for use in interstate commerce, even if such use might occur in Nevada, *see* NRS 372.258(2). We are not concerned here with the soundness of this distinction—we merely apply it.[2]

Harrah's use of the aircraft in Nevada was use in interstate commerce—a flight departing from Nevada nearly always terminated in a flight arriving in another state or country. In addition, the statute contemplates that some interstate commerce can occur wholly within the

---

[2]We are aware that, as a result of our interpretation, Harrah's will not have paid any sales or use tax on two of their aircraft. Nevertheless, this court must apply the statutes as written. "[D]espite the fundamental changes in federal Commerce Clause jurisprudence," *Word of Life Christian Ctr. v. West*, 936 So. 2d 1226, 1241 (La. 2006), NRS 372.185 only imposes a use tax on goods purchased for storage, use, or consumption in Nevada, not those purchased for use in interstate commerce. Any expansion of Nevada's use tax must come from the Legislature, not this court.

SUPREME COURT
OF
NEVADA

(O) 1947A

9

state. *See* NRS 372.258(2)(a)(2). Therefore, we determine that the stipulated facts do not rebut the presumption in NRS 372.258.

We conclude that the district court erred in affirming the ALJ's interpretation of NRS 372.258. The Department must refund the use taxes remitted for aircraft N89HE and N89CE. We accordingly affirm in part, reverse in part, and remand for further proceedings with respect to the requested refund.

_____Cherry_____, J.
Cherry

We concur:

_____Hardesty_____, J.
Hardesty

_____Parraguirre_____, J.
Parraguirre