# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WESTERN NEVADA SUPPLY COMPANY, A NEVADA CORPORATION, Appellant, vs. THE STATE OF NEVADA DEPARTMENT OF TAXATION, AND NEVADA TAX COMMISSION, Respondents. | No. 74421 **FILED** DEC 0 7 2018 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review of a decision of the Nevada Tax Commission. First Judicial District Court, Carson City; James E. Wilson, Judge.

The State of Nevada Department of Taxation (Department) audited Western Nevada Supply Company (Western) for the period of May 1, 2012, through April 30, 2015. This case arises from the Department's post-audit notice that Western "was not charging sales tax on Freight in charges, a service necessary to complete the sale," resulting in a $143,158.29 sales tax deficiency. Western first appealed this deficiency to the administrative law judge (ALJ) based on its interpretation of NRS 360B.290: that its special orders included separately stated delivery charges, which are not taxable because the delivery was to a location designated by the purchaser. The ALJ found that "[t]he Department properly assessed sales tax on the freight-in charges because those charges were the cost of transportation to Western. The only type of delivery charges that may be excluded from sales tax are the charges for delivery of the goods from the retailer to the customer." The Tax Commission and

district court upheld the ALJ decision. The district court found that the charges were not excluded from sales tax "because these costs were incurred by Western, the seller, before it sold the goods to the purchaser."[1]

The district court upheld the ALJ decision that the tax exclusion, set forth in A.B. 403, 75th Leg. (Nev. 2009), "did not apply to delivery charges between the manufacturer or vendor and the seller," and deemed the charges freight-in charges. The Department argues that this was correct and that "transportation charges incurred by a seller such as Western are part of the cost of goods sold and properly included in the sales price subject to sales tax." Conversely, Western contends that its special orders are non-inventory sales where the seller has the item shipped from the manufacturer to a location designated by the purchaser. Accordingly, there is an applicable tax exclusion that applies to its "special orders." Specifically, Western argues that nothing in the plain language of the statute supports the interpretation that "the exclusion only applies to 'freight-out' charges for delivery of the goods *from the retailer* to the customer." Western contends that under NRS 360B.290, "[i]t makes no difference whether the manufacturer directly delivers the good ('freight-in') [to the purchaser] or the retailer delivers the good from its location ('freight-out')." For purposes of Western's special orders, we agree and conclude that the delivery charges for its special orders are excluded from the amount used to determine sales tax.

"In a role identical to the district court's role, this court reviews an administrative decision to determine if the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion, or

---

[1]The parties are familiar with the facts and procedural history of this case and we recite them here only as necessary.

if it was otherwise affected by prejudicial legal error. Statutory construction is a question of law reviewed de novo." *State Tax Comm'n, v. Am. Home Shield of Nev., Inc.*, 127 Nev. 382, 385-86, 254 P.3d 601, 603 (2011) (citations and internal quotation marks omitted).

First, this court must look to the plain language of the relevant statutes. *Allstate Ins. Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009) (holding that this court only looks "beyond the plain language [of a statute] if it is ambiguous or silent on the issue in question"). Nevada imposes a sales tax upon retailers for selling tangible personal property at retail. NRS 372.105. Specifically, sales tax is imposed upon the gross receipts/total sales price, which includes all costs of transportation to the seller, the cost of transportation of the property before its purchase, and any delivery charges that are not stated separately on the invoice. *See* NRS 372.105; NRS 372.110; NRS 372.025; NRS 372.065(1)(c); NRS 360B.290; NRS 360B.425; NRS 360B.480. NRS 360B.290, in particular, states that sales price *does not include* other separately stated charges for delivery "to a location designated by the purchaser." NRS 360B.290. Thus, so long as the transportation of the goods at issue is to a location designated by the identified purchaser, separately stated delivery charges from manufacturer to purchaser fall within the tax exclusion.

The Department, the ALJ, and the district court concluded that because the goods were transported from the manufacturer to the seller's location prior to passage of title to the purchaser, these transportation charges constituted the "costs of transportation *to the seller*," with no further analysis. NRS 360B.480(1)(b) (emphasis added). However, this conclusion ignores the language in NRS 360B.290 and certain pertinent findings of the ALJ. We additionally note that the Department's original

FAQs from its website, prior to the Department changing them[2], would have supported this interpretation because it stated that separately stated delivery charges were not taxable. Furthermore, the ALJ found that Western's special orders were "parts not regularly held in Western's inventory." The ALJ further found that, in the case of a special order, the customer initiates the sale process and the part is "sent to the location designated by the customer." Yet, the ALJ still held in favor of the Department.

We therefore conclude that the "special orders," as described by Western, transport goods to a location designated by the purchaser under NRS 360B.425. The issue is confused by the fact that this designated location was sometimes the seller's warehouse; however, the Department did not dispute that the items were being sent there at the direction of a designated purchaser. Thus, the ALJ decision incorrectly construed NRS 360B.290 to mean that the only delivery charges that may be excluded from sales tax are those for the delivery from retailer to purchaser. Western's special orders fall within the purview of the exclusion.[3] Accordingly, we

_____

[2]The Department has since amended its website to avoid further confusion regarding this issue.

[3]Western additionally argues that the decision of the tax commission should be set aside because it violates NAC 372.101, the administrative regulation outlining the tax exclusion discussed in this case. However, the language of NAC 372.101 can be manipulated and read to support either Western or the Department's interpretation of the relevant statutes. Accordingly, we decline to address this matter separately as it is encompassed by our decision.

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. James E. Wilson, District Judge
       Maupin, Cox & LeGoy
       Attorney General/Carson City
       Attorney General/Reno
       Carson City Clerk

_____

[4]We have considered the parties' remaining arguments and conclude they are without merit.