136 Nev., Advance Opinion 49

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLARK COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; AND THE STATE OF NEVADA EX REL. NEVADA COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING, Appellants, vs. ROBERT L. ELIASON, AN INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS CONSTABLE OF NORTH LAS VEGAS TOWNSHIP, Respondent. | No. 78434

FILED

JUL 30 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK |

Certified question under NRAP 5, relating to the procedure for removing a constable from office under NRS 258.007. United States District Court, District of Nevada; Jennifer Dorsey, Judge.

*Question answered.*

Aaron D. Ford, Attorney General, and Michael D. Jensen, Senior Deputy Attorney General, Carson City,
for Appellant Nevada Commission on Peace Officer Standards and Training.

Olson, Cannon, Gormley, Angulo & Stoberski and Thomas D. Dillard, Jr., Las Vegas,
for Appellant Clark County.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-27728

Armstrong Teasdale LLP and Jeffrey F. Barr, Las Vegas; Evans Fears & Schuttert LLP and Kelly A. Evans, Chad R. Fears, and Lee I. Iglody, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, SILVER, J.:

The United States District Court for the District of Nevada has certified a question to this court regarding the interpretation of NRS 258.007. That statute requires a constable to become certified as a category II peace officer within a certain amount of time or forfeit the office. The federal district court has asked that we clarify whether this statute gives the Clark County Board of Commissioners the power to remove a constable from office, or whether a constable can be removed only through a *quo warranto* action. We conclude NRS 258.007 does not give the Board power to remove a constable from office or necessitate *quo warranto* proceedings, as the statute works an automatic forfeiture of office if the constable fails to become certified as a category II peace officer.

---

[1]The Honorable Elissa F. Cadish voluntarily recused herself from participation in the decision of this matter.

NRS 258.007 (2015)[2] requires constables to become certified as a category II peace officer by the Commission on Peace Officer Standards and Training (POST) within a year after the constable takes office. NRS 258.007(1). POST may grant an extension of up to six months. *Id.* If the constable fails to timely certify with POST, "the constable forfeits his or her office." NRS 258.007(2).

Robert Eliason was elected to the office of North Las Vegas Constable in November 2014 and took office in January 2015. Eliason did not obtain POST certification within the specified time, and in September 2015, he sought a six-month extension. POST approved an extension until July 4, 2016. On June 29, 2016, POST sent a letter to the Clark County Board of Commissioners informing them that Eliason would not be able to meet NRS 258.007's certification requirement by the extended deadline and that he would forfeit his office. The Board added an agenda item to its July 2017 meeting that recommended the Board declare Eliason had forfeited his office and discuss whether to abolish the office or fill the vacancy.[3]

Before the Board could meet, Eliason sued Clark County and POST in state district court and moved for a preliminary injunction to

---

[2]This statute was amended in 2019 and the certification requirement now includes category I or category II POST certification, and requires certification before declaring candidacy for office in certain townships. The amendments, however, do not change our analysis of the relevant certification and forfeiture language discussed herein. *Compare* NRS 258.007 (2015), *with* NRS 258.007 (2019). We note, however, that because the statute's subsections were renumbered with the amendment, all references in this opinion are to the 2015 version of the statute.

[3]Under NRS 258.007(2), NRS 258.030, and NRS 258.010, the Board had the option to either fill the vacancy or abolish the office.



prevent the forfeiture of the office at the Board meeting. The state district court granted the preliminary injunction in August 2017. Relying in part on *Heller v. Legislature*, 120 Nev. 456, 93 P.3d 746 (2004), the state district court found that the Board lacked authority to remove Eliason from office and the proper method of declaring a forfeiture of office was a *quo warranto* action by the attorney general.

Eliason then amended his complaint to add a claim for a violation of the Americans with Disabilities Act, and Clark County removed the case to federal court. Eliason moved for declaratory judgment, urging the federal court to adopt the ruling set forth in the state court's order granting a preliminary injunction. The federal district court concluded the heart of the case was the state-law issue of NRS 258.007's application and constitutionality, and certified the following question to this court: Does NRS 258.007 give the [Board] the power to remove a constable from office, or can a constable be removed only with a *quo warranto* action?

II.

As public officers, constables must be qualified to hold office. *See* 70 Am. Jur. 2d *Sheriffs, Police, and Constables* § 7 (2016). The legislature may prescribe specific qualifications necessary to holding the office, such as educational requirements or physical condition requirements. *Id.* *Black's Law Dictionary* defines "forfeiture" as "[t]he loss of a right, privilege, or property because of a . . . breach of obligation, or neglect of duty," whereupon "[t]itle is instantaneously transferred to another, such as the government." *Forfeiture, Black's Law Dictionary* (11th ed. 2019). At common law, a "forfeiture can be created and declared only by the constitution or a valid statute," and courts are, therefore, "without authority to create and declare a forfeiture of office." 63C Am. Jur. 2d *Public Officers and Employees* § 164 (2018). However, where a statute requires

the automatic forfeiture of a public office for misconduct, the facts may need to be established in a judicial proceeding and a judicial declaration of forfeiture may be necessary. 70 Am. Jur. 2d *Sheriffs, Police, and Constables* § 28 (2016). These considerations guide our analysis of the statute at issue.

We consider issues of statutory interpretation de novo. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 609, 427 P.3d 113, 119 (2018). We will not look beyond the statute's plain language if the statute is unambiguous. *Id.*

NRS 258.007, titled "Certification as category II peace officer required in certain townships; forfeiture of office," provides:

> 1. Each constable . . . shall become certified by [POST] as a category II peace officer within 1 year after the date on which the constable commences his or her term of office or appointment unless the Commission, for good cause shown, grants in writing an extension of time, which must not exceed 6 months.
>
> 2. If a constable does not comply with the provisions of subsection 1, the constable forfeits his or her office and a vacancy is created which must be filled in accordance with NRS 258.030.

In turn, NRS 258.030 (1997)[4] provides that if the Board does not abolish the office of constable, and "if any vacancy exists or occurs in the office of constable in any township, the board of county commissioners shall appoint a person to fill the vacancy pursuant to NRS 245.170." NRS 245.170 sets forth the procedure the Board must follow in filling a vacancy, including

---

[4]NRS 258.030 was also amended in 2019, but those amendments do not substantively affect the language at issue here. *Compare* NRS 258.030 (1997), *with* NRS 258.030 (2019). Nevertheless, we look at the language in effect at the time of the events at issue here.

appointing a replacement or placing the position on the ballot where appropriate.

Both parties acknowledge NRS 258.007 does not expressly provide the Board with authority to remove a constable from office, but they disagree as to the statute's implementation. Clark County argues that the statute creates a self-executing forfeiture and requires Clark County to fill or abolish the vacant office. Eliason argues that the statute is not self-executing and that declaring forfeiture is necessarily a judicial function.

We conclude NRS 258.007(2)'s plain language makes the forfeiture self-executing where the constable fails to timely certify as a category II peace officer. Subsection 1 plainly requires all constables to become POST-certified as a condition of holding office, and subsection 2 states that a constable forfeits his or her office by failing to comply with the requirement. Nothing in the statute suggests that the county, the Board, or any other party must take any action to effect or formalize the forfeiture or that the constable has any right to retain office after failing to timely obtain POST certification. To the contrary, applying the plain language results in an automatic forfeiture where the constable fails to timely certify.[5] *See* NRS 258.007(2); *cf.* 70 Am. Jur. 2d *Sheriffs, Police, and Constables* § 7 (2016) (noting legislatures generally have power to prescribe eligibility qualifications for peace officers, including educational and physical condition requirements).

---

[5]We note the Legislature's failure to denote an actor in both NRS 258.007(2) ("a vacancy is created") and NRS 258.030 ("if any vacancy . . . occurs") further supports our interpretation that no person or organization declares the vacancy, but that the vacancy occurs automatically.

 

Importantly, too, we distinguish NRS 258.007, which sets forth a requirement for holding office, from other statutes that designate events or circumstances as triggering forfeiture.[6] With the latter, judicial proceedings are likely necessary to establish the facts triggering the forfeiture and provide the officer with due process. *See* 70 Am. Jur. 2d *Sheriffs, Police, and Constables* § 28 (2016). Here, however, POST certification is an eligibility requirement, and unless the constable contests POST's determination—which Eliason does not do here—judicial proceedings are unnecessary to determine whether the constable has met that statutory requirement for holding office.[7]

---

[6]In particular, we distinguish this statute from others Eliason raises, notably NRS 35.010(2) and NRS 283.040. Critically, NRS 258.007 establishes a requirement to hold the specific office of constable. In contrast, NRS 35.010 permits a *quo warranto* action to be brought against a public official, and NRS 283.040 lists grounds for removing a public official from office and declaring the office vacant. Moreover, these are general statutes and do not control over NRS 258.007, which applies specifically to this situation. *See State, Dep't of Taxation v. Masco Builder Cabinet Grp.*, 129 Nev. 775, 778, 312 P.3d 475, 478 (2013) ("A specific statute controls over a general statute." (quoting *State, Tax Comm'n v. Am. Home Shield of Nev., Inc.*, 127 Nev. 382, 388, 254 P.3d 601, 605 (2011))).

[7]We note the legislative history shows the Legislature wanted to enable a constable's swift removal from office where the constable failed to obtain POST certification and intended for the Board to oversee the removal. *See* Hearing on S.B. 462 Before the Senate Comm. on Gov't Affairs, 80th Leg. (Nev., Apr. 1, 2019) (addressing concerns with constables misusing their powers of office and expressing a desire to strengthen the POST-certification requirements); Hearing on A.B. 223 Before the Assembly Comm. on Judiciary, 77th Leg. (Nev., Apr. 12, 2013) ("Section 8 of the bill authorizes county commissioners to penalize constables who fail to file a report or any other documentation with the county or the Nevada Commission on Peace Officer[ ] Standards and Training (POST). . . . [N]o one seemed to know whose jurisdiction it was to oversee the constable's

We therefore answer the first part of the certified question—whether NRS 258.007 gives the Board the power to remove a constable from office—in the negative, as the forfeiture is self-executing. As our decision necessarily resolves the second part of the certified question—whether a constable can be removed from office only with a *quo warranto* action[8]—we do not separately address that issue.[9]

### III.

The plain language of NRS 258.007 provides that a constable must become POST-certified and the failure to do so works a forfeiture of

---

office. This makes it clear that it is the county commission." (statement of Assemblywoman Marilyn Kirkpatrick)); Hearing on A.B. 223 Before the Senate Comm. on Gov't Affairs, 77th Leg. (Nev., May 13, 2013) (explaining the bill "authorizes a board of county commissioners to penalize constables" who did not demonstrate they met the POST-certification requirements (statement of Assemblywoman Marilyn Kirkpatrick)).

[8]The parties agree, on appeal, that a *quo warranto* action is not the sole means of removing a constable from office.

[9]Although the district court relied in part on *Heller v. Legislature*, 120 Nev. 456, 93 P.3d 746 (2004), in granting Eliason's preliminary injunction, we note that case is distinguishable and not controlling here. In *Heller*, our discussion of *quo warranto* actions was dicta, as we had already concluded that a lack of standing resolved that case. 120 Nev. at 460-63, 93 P.3d at 749-51; *see also City of Oakland v. Desert Outdoor Advert., Inc.*, 127 Nev. 533, 539, 267 P.3d 48, 51-52 (2011) ("Dictum is not controlling. A statement in a case is dictum when it is unnecessary to a determination of the questions involved." (citations omitted) (internal quotation omitted)). Furthermore, *Heller* was limited to whether such actions were the sole method to challenge a legislator's ability to concurrently be a government employee, 120 Nev. at 458, 93 P.3d at 748, not whether such actions were the sole method to remove an elected official from his or her office.

the office. Thus, under NRS 258.007, the Board has neither the authority nor the need to declare a forfeiture because that forfeiture occurs automatically upon the constable's failure to timely certify as a category II peace officer.

_____, J.
Silver

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A